■ THE LIMITED, INC., et al., Appellants, v McCRORY CORPORATION et al., Respondents.—Judgment, Supreme Court, New York County (David B. Saxe, J.), entered March 30, 1990, which, *inter alia,* dismissed the fourth, fifth, sixth, and seventh causes of action and struck plaintiffs' demand for punitive damages on their eighth cause of action, unanimously modified, on the law, to the extent of reversing the dismissal of the fourth cause of action, reversing the dismissal of the fifth cause of action except insofar as it sought the imposition of punitive damages, and reversing the dismissal of the sixth and seventh causes of action solely as to plaintiff Lerner Stores, Inc., those causes of action reinstated and the judgment otherwise affirmed without costs.

This action concerns liability for certain New York State

franchise taxes which were incurred by Lerner Store Corp. and its wholly owned subsidiaries (Lerner Group) during the period from 1974 to 1985, while it was a wholly owned subsidiary of defendant McCrory Corporation (McCrory). During the periods relevant herein, McCrory was a subsidiary of defendant Rapid American Corporation, which was, in turn, a subsidiary of defendant Rapid American Holding Corporation. The taxes at issue, along with interest and penalties, were paid by plaintiffs in 1988 after plaintiff The Limited, Inc. (Limited) had purchased the Lerner Group (since merged into plaintiff Lerner Stores Inc. [LSI]) by means of a stock purchase agreement in April 1985. It is alleged that defendants filed consolidated New York State franchise tax returns and New York City general corporation tax returns knowing that they were improper and would result in an underpayment of taxes and, at the same time, accepted payment from the Lerner Group computed as if the Lerner Group were filing separately on the understanding that the Lerner Group would be indemnified against any further liability.

The liability of defendants for the taxes pursuant to an indemnification clause in the stock purchase agreement is not at issue on this appeal, which revolves around whether the plaintiffs' allegations state causes of action under several additional theories. On a motion addressed to the pleadings, the allegations must be viewed as true and in a light most favorable to plaintiffs. (219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506.) Here, in its fourth cause of action, LSI claims that defendants are liable to it for damages of $7,516,748 (the amount paid by plaintiffs to New York State in 1988) for breach of a contract for indemnification which was allegedly entered into between the Lerner Group and defendants while the Lerner Group was still a subsidiary of McCrory. Defendants in turn claim that the stock purchase agreement, by the terms of its merger clause, supercedes any prior agreements they may have had with the Lerner Group and constitutes a novation.

We disagree with the conclusion of the IAS court that the stock purchase agreement, on its face, so clearly includes the Lerner Group as a party that dismissal is warranted on this basis pursuant to CPLR 3211 (a) (7). On the contrary, since the Lerner Group is excluded from the agreement's preamble, definitions and signature sections, there is a question of fact as to whether or not it was a party to the agreement or merely the subject of it. Nor, since inconsistent causes of action are permitted at this stage (CPLR 3014), is it relevant

that LSI has elsewhere in the complaint asserted rights under the stock purchase agreement under the alternate theory that its predecessor was a party to that agreement.

As to plaintiff Limited, the IAS court properly found that the existence of the stock purchase agreement, which indisputably covers the subject matter of Limited's tax indemnification rights, bars Limited's unjust enrichment claim in the sixth cause of action and warrants its dismissal *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382). However, in view of our finding that there is a question of fact presented by the pleadings as to whether plaintiff LSI's predecessor was a party to the stock purchase agreement, this rationale cannot bar LSI's independent assertion of an unjust enrichment claim, brought in the alternative to its own, disputed, contractual claim. Nor does it bar LSI's separate assertion of a claim in the seventh cause of action for moneys had and received for the amounts which defendants received from the Lerner Group for payment of its taxes which they did not use for that purpose. Thus, the sixth and seventh causes of action, which are based on the quasi-contract theories of unjust enrichment and moneys had and received, should be reinstated as to plaintiff LSI.

Plaintiff LSI's fifth cause of action, for defendants' allegedly negligent failure to use due diligence in complying with the laws and regulations applicable to the preparation of the Lerner Group's franchise tax returns during the time it was a wholly owned subsidiary of defendant McCrory, should also be reinstated. While plaintiff cannot claim that any duty was owed to it under the applicable statutes, which are solely for the benefit of the State *(see, Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97), if true, the allegations are adequate to state that defendants undertook to act as the Lerner Group's agent in preparing and filing franchise tax returns and paying the requisite taxes and thereby assumed a fiduciary duty independent of the contractual obligations alleged. Defendants may therefore be held to a standard of due diligence and held liable if, in fact, they underpaid the taxes negligently or, as is also alleged, deliberately. *(See, Barile v Wright,* 256 NY 1.) Nor is it fatal to LSI's negligence claim that it seeks compensation solely for pecuniary losses suffered as a consequence of defendants' misfeasance. Even assuming the ultimate viability of LSI's contractual cause of action, the "economic loss rule" does not extend to prohibiting a suit by a party in privity for pecuniary losses suffered as a result of breach of a duty independent of the

contract. *(See, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417; *Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669, 675.)

Finally, we agree with the IAS court's dismissal of plaintiffs' claims for punitive damages with regard to their causes of action for fraud and negligence. Neither of these claims involves wrongdoing directed at the general public or egregious culpable conduct. *(See, Gale v Kessler,* 93 AD2d 744.) Concur—Kupferman, J. P., Carro, Ellerin, Wallach and Smith, JJ.