■ TEXACO INC. et al., Appellants, v SYNERGY GROUP INC. et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 6, 1989, which granted the defendants' cross motion for summary judgment dismissing the action and denied their motion for summary judgment.

Ordered that the order is modified, on the law, without costs or disbursements, by deleting the provision thereof granting summary judgment to the defendants and substituting therefor a provision denying the cross motion.

In late 1984 Synergy Group Inc. (hereinafter Synergy) purchased from Texaco Inc. and Texaco Gas Inc. (hereinafter collectively referred to as Texaco) all the assets and assumed certain enumerated liabilities of a Texaco subsidiary, Skelgas Inc. (hereinafter Skelgas). Pursuant to the Assets Purchase Agreement (hereinafter Agreement), Synergy agreed to offer continued employment and employee benefits to the 521 employees of Skelgas. After the transfer, Synergy discovered that 7 of the 521 Skelgas employees were on long-term disability leave and had been so prior to the execution of the Agreement. Thereafter, Synergy refused to acknowledge these seven people as employees and ceased paying their benefits, as a result of which Texaco resumed paying the benefits for these seven people and instituted this action to recover damages for breach of contract against Synergy for reimbursement.

The Supreme Court granted the cross motion of the defendants for summary judgment, holding, in essence, that Texaco had materially breached the agreement by failing to fulfill its disclosure obligation with respect to the seven employees on long-term disability leave, thereby excusing Synergy's performance.

We find that the Supreme Court erred in granting the defendants' cross motion for summary judgment because there exist triable issues of fact. We note, for instance, that while Synergy agreed to assume certain liabilities and Texaco agreed to remain liable for certain other liabilities, none of the listed liabilities specifically mentioned long-term disability pay. In addition, the record also indicates that Texaco made available a data room allegedly containing all documentary information regarding Skelgas and Skelgas' employees which included information on benefit plans, all personnel files and

employee rosters. However, it cannot be determined from the record whether Synergy examined all of the documents prior to the purchase or even whether there were any documents identifying the employees on long-term disability. The record does show, though, that Synergy was aware of at least one application for long-term disability approximately one month before the agreement was signed. Finally, even if it is assumed that Texaco misrepresented the status of the seven employees, the issue of whether it constituted a material misrepresentation is an issue more properly left to the jury to resolve *(see, TSC Indus. v Northway, Inc.,* 426 US 438; *Sebring v Fidelity-Phenix Fire Ins. Co.,* 255 NY 382). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.