■ AJ CONTRACTING Co., INC., Appellant, v TRIDENT MANAGERS, INC., et al., Respondents. [651 NYS2d 498] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 10, 1995, which, *inter alia*, granted defendants-respondents' motion to dismiss the complaint, unanimously modified, on the law, to reinstate the second, third and fifth causes of action against Trident insofar as they are based on claims of ongoing failure to monitor claims and provide risk management services, and otherwise affirmed, without costs.

This action is based on the claim of plaintiff, a contractor, that it purchased a comprehensive insurance policy unaware of the fact that it was subject to a retrospective rating agreement, which provided that the premium would vary, within a specified range, depending on the actual loss experience under the policy. Plaintiff seeks recovery from, *inter alia*, defendant Trident Managers, Inc. ("Trident"), which concededly acted as the insurance broker in the purchase of the policy. On this appeal, plaintiff does not contest dismissal of those causes of action which relate to defendants' actions at the time of the purchase of the policy, which were dismissed as time-barred, but argues that Trident breached its contract and its duty as a fiduciary and committed professional malpractice by its failure to provide ongoing services after purchase of the policy, specifically the monitoring of claims and the rendering of advice on risk management.

We find that plaintiff has made a sufficient showing to withstand summary judgment as to defendant Trident. The affidavit of plaintiff's expert clearly provided evidentiary support for plaintiff's allegation that providing the described ongoing

services is the customary practice of insurance brokers who have arranged the purchase of a policy subject to a retrospective rating agreement and that an issue of fact was created thereby as to whether Trident breached its obligations to plaintiff by its failure to provide these customary ongoing services.

It is irrelevant that such a duty was not referred to in the insurance policy itself, since the policy was between plaintiff and the insurer ITT Hartford Group and did not purport to set forth the duties owed plaintiff by Trident, as plaintiff's insurance broker. Nor is there merit to Trident's contention that the expert's affidavit, which purported to establish the customary practice of insurance brokers vis-à-vis retrospective policies, was either inadmissible or irrelevant. It is clear that plaintiff and Trident had a contractual relationship. Trident itself concedes that it was engaged to act as plaintiff's insurance broker and, indeed, had been plaintiff's broker for over twenty years. If the parties' agreement was no more specific than that Trident would act as plaintiff's insurance broker, extrinsic evidence, including custom and usage, would be admissible to interpret the scope and meaning of that promise (*Edelman v Robert A. Becker, Inc.*, 194 AD2d 507). Moreover, as plaintiff's agent, Trident clearly bore it a fiduciary duty for matters within the scope of the agency (*Limited, Inc. v McCrory Corp.*, 169 AD2d 605, 607).

An action for professional malpractice also lies where, in the context of a contractual relationship, a professional negligently discharges the duties arising from that relationship (*see, Santulli v Englert, Reilly & McHugh*, 78 NY2d 700, 708). As an example, an insurance broker may be found liable for malpractice where it fails to purchase a policy requested by its client (*see, Rodriguez v Investors Ins. Co.*, 201 AD2d 355). This does not mean, however, that an insurance broker may be found to have committed malpractice only where it has failed to fulfill a specific promise to obtain a particular result (*see, Santulli v Englert, Reilly & McHugh, supra*, at 705). Regardless of whether a specific promise has been made, a professional is required to exercise the skill and knowledge normally possessed by members of his or her trade or profession in good standing in similar communities (Restatement [Second] of Torts § 299 A). Thus, evidence of the customary practices of other insurance brokers is admissible to establish that standard, and plaintiff is entitled to show that Trident's failure to provide it with ongoing claims monitoring and risk management was a deviation from such standard and accepted practices.

As to defendant ITT Hartford Group, the record is wholly devoid of any evidence that Trident acted as ITT's broker for the purposes of providing the subject services to plaintiff. Since this was the sole basis upon which plaintiff sought to hold ITT liable under the causes of action which were not dismissed as time-barred, the complaint was properly dismissed as to ITT. Concur—Sullivan, J. P., Ellerin, Ross, Williams and Andrias, JJ.