■ H. B. INTERNATIONAL, LTD., Respondent, v KAHAN JEWELRY CORP. et al., Appellants. (Action No. 1.) KAHAN JEWELRY CORP., Appellant, v ISRAEL HALPERIN, Individually

and Doing Business as R.I. TRADING COMPANY, et al., Respondents. (Action No. 2.) [700 NYS2d 671] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered April 9, 1998, which, upon a jury verdict in favor of action No. 1 plaintiff H.B. International, Ltd., entitled H.B. International to recover compensatory and punitive damages from defendants-appellants, and order, same court and Justice, entered, March 15, 1999, which, *inter alia*, denied defendants-appellants' motion to set aside the verdict against them, and judgment, same court and Justice, entered July 6, 1998, which, upon a jury verdict, awarded action No. 2 plaintiff Kahan Jewelry Corp. the amount of $56,035 against defendant Israel Halperin, individually and doing business as R.I. Trading Company, but otherwise dismissed the action, unanimously affirmed, without costs.

The jury's findings that defendants in the first action, Kahan Jewelry Corp. et al., had defrauded plaintiff, H.B. International, and that Kahan Jewelry Corp. had failed to establish such wrongdoing on the part of Israel Halperin et al. as would have entitled Kahan Jewelry Corp., as plaintiff in the second action, to relief beyond that afforded by the jury, was amply supported by the trial evidence. Plaintiff, H. B. International, Ltd., made out a prima facie case of fraud. Although defendants, Kahan Jewelry Corp. et al., urge that plaintiff pleaded and proved no more than breach of contract, that is not so. Plaintiff's proof established, in accordance with what had been its theory of recovery from the action's inception, that plaintiff had been induced by defendants' deliberate misrepresentations of their intentions into turning over certain funds to defendants. "A false statement of intention is sufficient to support an action for fraud, even where that statement relates to an agreement between the parties" (*Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122; *see also, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956). Plaintiff also was entitled to recover under the cause of action for conversion since it adduced credible proof that its check was delivered to the individual defendants and that, subsequent to plaintiff's demand for return of the money, defendants persisted in their unauthorized possession of plaintiff's funds (*see, I.C.C. Metals v Municipal Warehouse Co.*, 50 NY2d 657, 664-665). A party is not limited to suing for breach of contract where, as here, it has a cause of action in tort independent of any possible contract claim.

Contrary to the contention of the action No. 1 defendants, the award of punitive damages against them was warranted

since the evidence showed that their conduct was egregious, malicious and intentional (*see, Prozeralik v Capital Cities Communications,* 82 NY2d 466, 478-480; *see also, Giblin v Murphy,* 73 NY2d 769, 772). We have considered appellants' remaining arguments and find them to be unavailing. Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.