■ JOSEPH BRUNETTI, Appellant, v RAMI MUSALLAM et al., Respondents. [783 NYS2d 347]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered March 6, 2003, which dismissed plaintiff's complaint with prejudice, bringing up for review an order, same court and Justice, entered February 26, 2003, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

In 1993, plaintiff Joseph Brunetti founded and incorporated Total Network Solutions, Inc. (TNS), an information technology company providing network services as a subcontractor. A few years later, plaintiff sought to expand the company and invited the individual defendants to join the company as shareholders. Plaintiff claims that these defendants forced him out of his position as an officer and member of the Board of Directors of TNS, fraudulently induced him to divest himself of 70% of his shares in TNS, and forced him to surrender his employment rights by becoming an at-will employee. Plaintiff claims that defendants accomplished this by fraudulently misrepresenting that Morgan Stanley, a potential financial contributor of TNS, conditioned an investment of millions of dollars in TNS upon plaintiff divesting himself of shares in the company and becoming an at-will employee. Plaintiff further claims that defendants maintained that unless he signed an agreement to this effect, Morgan Stanley would not invest, leaving TNS unable to operate.

Based on these allegations, plaintiff sued all but one stockholder and ThruPoint, Inc., formerly known as TNS, for breach of fiduciary duty, fraud and, alternately, for rescission of the agreement. Defendants answered raising affirmative defenses of waiver, ratification and estoppel.

Defendants moved for summary judgment, and the court granted the motion and dismissed the complaint with prejudice. Judgment was entered accordingly.

We reverse. It is axiomatic that summary judgment is a drastic remedy and should not be granted where triable issues of fact are raised and cannot be resolved on conflicting affidavits (*see Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 61 [1966]; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d

395, 404 [1957]; *Epstein v Scally*, 99 AD2d 713, 714 [1984]). Summary judgment is " '[i]ssue-finding, rather than issue-determination' " (*Sillman*, 3 NY2d at 404, quoting *Esteve v Abad*, 271 App Div 725, 727 [1947]; *accord Epstein v Scally*, 99 AD2d at 714). We find that the motion court improperly resolved material issues of fact in favor of defendants.

Plaintiff seeks relief against defendants in their capacities as officers and directors for material misrepresentations which occurred prior to plaintiff's termination. The "relationship between shareholders in a close corporation, vis-à-vis each other, is akin to that between partners and imposes a high degree of fidelity and good faith" (*Fender v Prescott*, 101 AD2d 418, 422 [1984], *affd* 64 NY2d 1077, 1079 [1985]). This "strict standard of good faith imposed upon a fiduciary may not be so easily circumvented" (*id.* at 423). Defendant's reliance upon *Ingle v Glamore Motor Sales, Inc.* (73 NY2d 183, 187 [1989]) is misplaced as there the issue was whether plaintiff, by virtue of his status as a minority shareholder of a closely held corporation, was entitled to "a fiduciary-rooted protection against being fired." Here, the issue is whether defendants breached a fiduciary duty by disclosing false information related to the corporation which predated plaintiff's status as an at-will employee. Thus, the motion court should not have dismissed plaintiff's cause of action for breach of fiduciary duty as a matter of law (*see Matter of Cassata v Brewster-Allen-Wichert, Inc.*, 248 AD2d 710, 711 [1998] [shareholders of a close corporation owe each other a duty to act in good faith]).

Furthermore, the motion court should not have resolved factual issues by determining, based on this record, that defendants established as a matter of law that plaintiff could not prove all the elements of his fraud claim. The issues of material misrepresentation and reasonable reliance, essential elements of a fraud claim, are not subject to summary disposition (*see Texaco Inc. v Synergy Group Inc.*, 171 AD2d 788 [1991] [issue of materiality more properly left to jury to resolve]; *Swersky v Dreyer & Traub*, 219 AD2d 321 [1996], *appeal withdrawn* 89 NY2d 983 [1997] [issue of fact whether plaintiff reasonably relied on alleged statements]).

Plaintiff's alternate claim of rescission depends on the resolution of underlying factual issues. Thus, the motion court should have let plaintiff proceed with this claim.

Similarly, the viability of defendants' affirmative defenses, in large part, depends on what plaintiff knew about the financing arrangement and when he found out it was not conditioned upon his relinquishing certain rights in the company. Thus, the

motion court incorrectly found that defendants established their affirmative defenses as a matter of law. Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.