■ RUCHAMA GAMIEL, Respondent, v CURTIS & RIESS-CURTIS, P.C., et al., Appellants. [791 NYS2d 78]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about December 18, 2003, which denied defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, unanimously modified, on the law, the motion granted only to the extent of dismissing the fourth cause of action in its entirety, and the first and seventh causes of action insofar as they seek punitive damages, and otherwise affirmed, without costs.

Where a motion to dismiss for failure to state a cause of action particularizes each of the claims in the complaint, even though it is nominally addressed to the complaint as a whole, the court should treat that motion as applying to each individual cause of action alleged (*Skillgames, LLC v Brody*, 1 AD3d 247, 252 [2003]). Upon addressing the individual claims, we find that the second, third and fifth causes of action, alleging legal malpractice, were sufficiently pleaded to survive the CPLR 3211 (a) (7) aspect of the motion. The alleged facts—if accepted as true, accorded the benefit of every possible favorable inference, and evaluated only as to whether they fit within any cognizable legal theory—sufficiently state plaintiff's claims that but for defendants' negligence in numerous pending court actions, the resulting substantial delay and legal expenses would not have occurred.

Plaintiff has also sufficiently pleaded her claim for conversion of the escrow funds. The first cause of action clearly alleges two separate demands for the transfer of the funds; without an existing escrow agreement naming a third-party beneficiary, defendants' persistence in their unauthorized possession of the funds makes out a viable claim for conversion (*see H.B. International, Ltd. v Kahan Jewelry Corp.*, 266 AD2d 77 [1999]).

To sustain a claim for punitive damages in tort, one of the following must be shown: intentional or deliberate wrongdoing, aggravating or outrageous circumstances, a fraudulent or evil motive, or a conscious act that willfully and wantonly disregards the rights of another (*Swersky v Dreyer & Traub*, 219 AD2d 321, 328 [1996]). The first and seventh causes of action fail to satisfy these criteria.

The court's disposition upholding the sixth cause of action is not challenged by defendants herein. However, with respect to the fourth cause of action, alleging negligence in connection with JTR Transportation, the failure to advise plaintiff of her right to obtain no-fault benefits was not attributable to defendants. Any entitlement to no-fault benefits expired before

plaintiff retained defendants. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Nardelli, JJ.