■ 405 Lexington, LLC, Respondent-Appellant, v Duane Reade, Appellant-Respondent. (And Other Actions.) [798 NYS2d 394]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered June 1, 2004, which, in an action by a landlord against a tenant to recover the cost of repairing defective storefront windows, denied the parties' respective motions for summary judgment, unanimously affirmed, without costs.

The affidavits and deposition transcripts submitted on the motions raise issues of fact as to whether plaintiff misled defendant into believing that it was responsible for replacing the windows, whether defendant installed the windows as plaintiff's agent, and whether plaintiff's July 28, 1998 meeting with the Landmarks Preservation Commission (LPC) concerned only its master plan for its building or also defendant's wish to create a new corner entrance. Thus, defendant is not entitled to summary judgment (*see Brunetti v Musallam*, 11 AD3d 280 [2004]). Defendant's argument that the merger clause in the lease bars plaintiff's claim ignores article 5 (Alterations). Plaintiff's argument that defendant should have brought a CPLR article 78 proceeding against LPC lacks merit. Since defendant did not even appear before LPC with respect to the July 1998 certificate of appropriateness approving plaintiff's master plan governing the replacement of storefronts, defendant could hardly have brought an article 78 proceeding challenging that determination. Plaintiff's argument that it was unreasonable as a matter of law for defendant to rely on plaintiff's alleged misrepresentation about LPC's certificate, a publicly

filed document, is improperly raised for the first time on appeal (*see Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]), and we decline to consider it. In any event, defendant's fraud defense is not based solely on the contents of the certificate, but also on evidence that LPC dealt with plaintiff through informal conversations as well as formal proceedings. Given this evidence, and since plaintiff, not defendant, was meeting with LPC, it cannot be said as a matter of law that it was unreasonable for defendant to rely on plaintiff's alleged misrepresentation that LPC was requiring defendant to restore the windows as a condition to its construction of a corner door (*see National Conversion Corp. v Cedar Bldg. Corp.*, 23 NY2d 621 [1969]; *Todd v Pearl Woods, Inc.*, 20 AD2d 911 [1964], *affd* 15 NY2d 817 [1965]). Conversely, when plaintiff allegedly told defendant about that requirement, it may very well have been telling the truth. Concur—Friedman, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.