■ Josh Segal, Individually and Derivatively on Behalf of Lighthouse Real Estate Advisors, L.L.C., Respondent, v Paul Cooper et al., Appellants. [856 NYS2d 12]—

Accepting as true the facts as alleged in the complaint, according plaintiff the benefit of every favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]), we find that plaintiff's causes of action were adequately alleged. As to fraud, whether plaintiff's reliance upon defendants' alleged misrepresentations was reasonable is a factual issue not to be resolved on a motion directed at the pleadings (*see generally Brunetti v Musallam*, 11 AD3d 280 [2004]). The adequacy of the breach of contract cause of action is gleaned from the complaint as a whole (*see Dulberg v Mock*, 1 NY2d 54, 56 [1956]). Plaintiff's allegations that, on behalf of the business venture he entered into with the individual defendants to market certain properties, he actively marketed the properties, and commissions were generated and paid to defendants, who ultimately diverted them, depriving him of his share of the commissions, adequately state a cause of action for unjust enrichment (*see Wiener v Lazard Freres & Co.*, 241 AD2d 114, 119-121 [1998]). Moreover, contrary to defendants' contention, that cause of action need not be dismissed

merely because it "contradicts the underlying theory" of the breach of contract cause of action (*see Cohn v Lionel Corp.*, 21 NY2d 559, 563 [1968]; *Limited v McCrory Corp.*, 169 AD2d 605, 607 [1991]; CPLR 3014). As to the unjust enrichment cause of action asserted derivatively, plaintiff alleged with sufficient particularity that a majority of the controlling members of the limited liability company were interested in the challenged transactions and that therefore a demand to initiate a lawsuit would have been futile (*see Marx v Akers*, 88 NY2d 189, 198 [1986]).

Plaintiff's demand for punitive damages should have been struck since his primary claim is contract-based and there is no allegation that defendants' conduct was directed at the public generally (*see Giblin v Murphy*, 73 NY2d 769 [1988]). Nor do the allegations indicate that defendants' conduct in the transactions involved a high degree of moral turpitude (*see Gamiel v Curtis & Riess-Curtis, P.C.*, 16 AD3d 140 [2005]).

We have reviewed defendants' remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Buckley and Catterson, JJ.