DirecTV, LLC v Nexstar Broadcasting, Inc. (2024 NY Slip Op 04225)

DirecTV, LLC v Nexstar Broadcasting, Inc.

2024 NY Slip Op 04225

Decided on August 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 15, 2024

Before: Webber, J.P., Kern, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 653733/19 Appeal No. 2311 Case No. 2023-04302 

[*1]DirecTV, LLC Plaintiff-Respondent-Appellant,
v
Nexstar Broadcasting, Inc., Defendant-Appellant-Respondent.

Holwell Shuster & Goldberg LLP, New York (Brendon DeMay of counsel), and Lynn Pinker Hurst & Schwegmann LLP, Dallas, TX (David S. Coale of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant-respondent.
Baker & Hostetler LLP, New York (Jonathan D. Pressment of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 17, 2023, which, to the extent appealed from, denied defendant's motion for summary judgment on its counterclaims and summary judgment dismissing the complaint, granted plaintiff's motion for summary judgment on its breach of contract cause of action and summary judgment dismissing the counterclaims, and denied plaintiff's motion for summary judgment on its cause of action for fraudulent inducement, unanimously modified, on the law, to grant plaintiff's motion for summary judgment on its fraudulent inducement cause of action and defendant's motion for summary judgment dismissing plaintiff's causes of action for unjust enrichment and breach of the implied covenant of good faith and fair dealing, and otherwise affirmed, without costs.
Plaintiff is a video programming distributor that provides television channels to its subscribers. Defendant owns and operates dozens of television stations, including those affiliated with the "Big Four" networks — ABC, CBS, Fox, and NBC. This action arises from a 2015 agreement under which plaintiff agreed to pay specific license fees for the rights to retransmit certain television stations owned by defendant. During the negotiations leading up to the 2015 agreement, the parties agreed that plaintiff would pay an "Unlaunched Station Fee" for station WHAG, then an NBC affiliate. Section 8 of the agreement (the Unlaunched Station Fee Provision) provides in relevant part:
"In addition to the License Fees set forth above, [plaintiff] shall pay License Fees at the . . . Network rate on an aggregate of 220,000 Subscribers (the "Unlaunched Station Fee") until such time as [plaintiff] launches Station WHAG in the Washington, D.C. Local Territory. Upon such launch, payment of the Unlaunched Station Fee shall cease and [defendant] shall receive License Fees for Station WHAG based on the actual number of Subscribers receiving WHAG."
Thus, under the Unlaunched Station Fee concept, plaintiff was not required to carry WHAG, but agreed to consider doing so in "good faith" and to pay license fees for WHAG based on a fixed number of subscribers. Plaintiff maintains that it only agreed to include the Unlaunched Station Fee Provision in the agreement on the basis of defendant's repeated assurances that WHAG was an NBC-affiliated station.
WHAG lost its NBC affiliation on July 1, 2016, approximately one year into the agreement's three-year term, and defendant later changed WHAG's call sign and rebranded the station. However, defendant did not inform plaintiff that WHAG had lost its affiliation and continued to collect more than $10.5 million in Unlaunched Station Fees pertaining to WHAG for the remainder of the agreement's term. When plaintiff discovered that WHAG had become an independent station, it informed defendant that it would no longer pay the Unlaunched Station Fee and asked defendant to return the Unlaunched Station Fees that it had paid following [*2]the loss of WHAG's NBC affiliation. Defendant refused, and plaintiff stopped paying the Unlaunched Station Fees.
Supreme Court properly granted summary judgment to plaintiff on its breach of contract claim and denied summary judgment to defendant on its breach of contract counterclaim based on a straightforward interpretation of the unambiguous terms of the parties' agreement (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). The Unlaunched Station Fee is composed of "License Fees," and neither party disputes that License Fees are not due for independent unaffiliated stations. Further, under section 7 of the agreement, the parties expressly agreed that if any station covered by the agreement changed network affiliations, it would be subject to the "License Fees" at the rate set forth in its new affiliation. Thus, the Unlaunched Station Fee was reduced to $0 when WHAG lost its NBC affiliation.
We reject defendant's argument that Supreme Court rewrote the agreement by declining to read the Unlaunched Station Fee Provision in isolation from other provisions. It simply interpreted the contract — as it must — in accordance with the document as an integrated whole (see HTRF Ventures, LLC v Permasteelisa N. Am. Corp., 190 AD3d 603, 607 [1st Dept 2021]).
Supreme Court properly found that plaintiff's fraudulent inducement cause of action could provide a separate basis for recovery of Unlaunched Station Fees. The fraudulent inducement cause of action alleges that the Unlaunched Station Fee Provision was fraudulently induced and seeks all Unlaunched Station Fees that plaintiff made to defendant throughout the entire agreement, as well as attorneys' fees and punitive damages. The breach of contract claim, by contrast, seeks only the Unlaunched Station Fee payments that plaintiff made afterWHAG lost its NBC affiliation.
Supreme Court should have granted summary judgment in plaintiff's favor on its fraudulent inducement cause of action. Under most circumstances, the intent to defraud or deceive "is ordinarily a question of fact which cannot be resolved on a motion for summary judgment" (Shisgal v Brown, 21 AD3d 845, 847 [1st Dept 2005] [internal quotation marks omitted]). Similarly, justifiable reliance is ordinarily an issue of fact for the jury to resolve (see Brunetti v Musallam, 11 AD3d 280, 281 [1st Dept 2004]), unless "the facts in the case . . . present a rare circumstance in which the issue of reasonable reliance can be resolved at the stage of summary judgment" (Global Mins. & Metals Corp, v Holme, 35 AD3d 93, 99 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Such a rare circumstance exists here, where there is simply no issue of fact as to either defendant's intent to defraud or plaintiff's justifiable reliance on the material misrepresentation.
Despite defendant's unproven, self-serving contentions that it expected to renew its NBC affiliation agreement and that it worked until the last second to secure an extension from NBC, there [*3]was unrebutted testimony from two NBC employees who testified that NBC advised defendant that there would be no further extensions to WHAG's NBC affiliation beyond its June 30, 2016 termination, and that NBC never suggested to defendant that it might reconsider this decision. Thus, defendant knew that the termination of the NBC affiliation was a fait accompli and intentionally concealed this information from plaintiff. Furthermore, defendant's 2014 Form 10-K, while publicly filed on February 27, 2015 and available to plaintiff at the time the 2015 agreement was being negotiated, did not identify the specific stations that would lose their NBC affiliations. Rather, defendant misrepresented in these documents that defendant expected the network affiliations of its stations to be renewed. As plaintiff did not have access to the relevant information, it reasonably relied on the fraudulent representations of defendant to its detriment.
Supreme Court should have dismissed plaintiff's unjust enrichment claim. "It is well settled that, where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded" (Simkin v Blank, 19 NY3d 46, 55 [2012] [internal quotation marks and brackets omitted]). Plaintiff specifically bases its unjust enrichment claim on the terms of the parties' agreement. Thus, its unjust enrichment claim is precluded and should have been dismissed.
Supreme Court should also have dismissed plaintiff's implied covenant claim. The implied covenant of good faith is a limited one, as courts will "imply an obligation of good faith only in aid and furtherance of other terms of the agreement" (Singh v City of New York, 40 NY3d 138, 146 [2023] [internal quotation marks omitted]). A party who asserts such a claim bears a "heavy burden" of showing "not merely that it would have been better or more sensible to include such a covenant" within the literal terms of the agreement, "but rather that the particular unexpressed promise sought to be enforced is in fact implicit in the agreement viewed as a whole" (id. [internal quotation marks omitted]). Plaintiff has not met such a heavy burden here, particularly since the agreement's plain terms are directly contrary to plaintiff's arguments for recovery.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 15, 2024