■ WARREN HUBBARD, SR., Appellant, v TOWN OF SAND LAKE et al., Respondents. [667 NYS2d 496] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 19, 1997 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

This action is the latest in a series of legal proceedings between plaintiff and defendants. Briefly, defendant Town of Sand Lake leased from plaintiff's predecessor-in-interest certain real property located on Chamberlain Hill Road in the Town of Sand Lake, Rensselaer County, for use as a sanitary landfill. The lease in question expired on June 30, 1994 and was not renewed. Prior thereto, in April 1993, the State Department of Environmental Conservation ordered the closure of the landfill and the Town was directed to, *inter alia*, monitor and maintain the property for 30 years. To that end, the Town ultimately was successful in acquiring the subject property by eminent domain in 1995.

In the interim, on or about September 9, 1994, plaintiff filed a notice of claim against the Town and, on or about December 23, 1994, commenced this action against the Town setting forth nine causes of action sounding in negligence (cause of action Nos. 1, 3 and 4), trespass, breach of contract, breach of fiduciary duty, promissory estoppel and unjust enrichment, in ad-

dition to asserting a claim for punitive damages.[1] Defendants subsequently moved for summary judgment dismissing the complaint contending, *inter alia*, that the causes of action asserted therein were time barred. Supreme Court granted defendants' motion and this appeal by plaintiff ensued.

We affirm. Turning first to plaintiff's causes of action sounding in negligence, in accordance with General Municipal Law § 50-e (1), no tort action may be maintained against a town unless, *inter alia*, a notice of claim has been filed within 90 days after the claim arises. Although plaintiff contends that his negligence claims did not accrue until the expiration of the underlying lease in June 1994, we cannot agree. Such claims, based upon defendants' activities relative to the alleged acceptance of illegal waste and the cutting of trees, plainly accrued no later than April 1993, at which time closure of the landfill was ordered and dumping operations ceased. Accordingly, plaintiff's notice of claim filed in September 1994 was not timely and the subject claims are time barred.[2] We also reject plaintiff's assertion that he has a viable cause of action for trespass, as it is apparent that during the relevant time period, defendants lawfully remained on the property.

Nor are we persuaded that plaintiff's cause of action for breach of contract may stand. In accordance with Town Law § 65 (3), no breach of contract action may be maintained against a town unless, *inter alia*, a written verified claim is filed with the town clerk within six months after the cause of action accrued. The crux of plaintiff's complaint is that the Town breached the lease by accepting illegal waste at the landfill. Again, as the landfill closed and dumping operations ceased in 1993, it necessarily follows that any breach of the lease occurred prior to that time. Hence, plaintiff's notice of claim filed in September 1994 did not comply with the requirements set forth in Town Law § 65 (3) and summary judgment was properly granted as to this cause of action.

Plaintiff's remaining contentions do not warrant extended discussion. Although the complaint purports to state a cause of

1. An amended verified complaint subsequently was served naming defendant Town Board as a party. For Statute of Limitations purposes, the parties stipulated that the date of the original verified complaint would govern.

2. Equally unpersuasive is plaintiff's contention that defendants should be estopped from asserting a Statute of Limitations defense. Although the record reflects that some effort initially was made to extend the period of the lease, there is no evidence that defendants, through fraud, misrepresentation or deception, induced plaintiff to refrain from commencing a timely action (*compare, Roscigno v Town of Mount Kisco*, 210 AD2d 573, 574-575).

action for unjust enrichment, it is well settled that absent certain circumstances not present here, "[t]he existence of a valid and enforceable written contract governing a particular subject matter * * * precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). As plaintiff's claim for unjust enrichment clearly arises out of the same subject matter governed by the underlying lease, the existence of that document bars any cause of action sounding in quasi contract. It is equally well settled that "the State and its political subdivisions are not subject to punitive damages * * * [as] the goals of punishment and deterrence are not served when punitive damages are imposed against the State, for in such circumstances, it ultimately is the innocent taxpayer who is punished" (*id.*, at 386 [citation omitted]; *see, Sharapata v Town of Islip*, 56 NY2d 332, 338). Accordingly, plaintiff's claim for punitive damages was properly dismissed. Plaintiff's remaining arguments, including any assertion that Supreme Court erred in dismissing the causes of action for breach of fiduciary duty and promissory estoppel, have been examined and found to be lacking in merit.

Cardona, P. J., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.