■ PATRICK L. DALEY, Respondent, v COUNTY OF ERIE, Appellant. [897 NYS2d 813]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered June 12, 2009 in a breach of contract action. The order, insofar as appealed from, denied defendant's motion for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion for summary judgment is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for breach of contract and unjust enrichment, alleging that defendant was required to pay him for a suggestion submitted to its Employee Suggestion Program (Program). Defendant appeals from an order that granted plaintiff's motion to vacate the prior order granting defendant's motion for summary judgment dismissing the complaint. In addition, Supreme Court set forth in the order on appeal that it was denying the cross motion of defendant for leave to renew and reargue its prior motion for summary judgment in the event that the court granted plaintiff's motion, and the court then reached the merits of that prior motion and denied it. We conclude that the cross motion

was, in effect, only one seeking leave to reargue and that, despite the statement of the court to the contrary, the court thus actually granted that part of defendant's cross motion for leave to reargue inasmuch as the court reached the merits of the prior motion. Because the court in effect granted that part of defendant's cross motion for leave to reargue, and upon reargument denied defendant's prior motion, the order on appeal is properly before this Court (*see Stevens v Auburn Mem. Hosp.*, 286 AD2d 965, 966 [2001]). We agree with defendant that the court erred in denying defendant's motion for summary judgment upon granting reargument because defendant met its burden on the motion for summary judgment and plaintiff failed to raise a triable issue of fact.

Under the terms of the Program as set forth in the materials disseminated to defendant's employees, and as codified in a Local Law implementing the Program, "10% of 1st year cost savings [would be] awarded to [the] individual or team" that submitted any original suggestion that provided "Departmental Cost Savings or Process Improvement" to defendant. Plaintiff submitted a suggestion that defendant impose a tax on vehicles that use defendant's road system, and he sought 10% of the revenues collected by defendant following the imposition of such a tax. Even assuming, arguendo, that the parties entered into an agreement and that plaintiff submitted an original suggestion pursuant to the Program's requirements, we conclude that defendant met its initial burden by establishing as a matter of law that plaintiff's suggestion did not generate any savings to defendant and therefore did not qualify for an award pursuant to the terms of the Program. Plaintiff's submissions in opposition to the motion did not identify any cost savings and, indeed, the only basis for the amount that plaintiff seeks in this action is the revenue collected pursuant to the tax. Black's Law Dictionary defines the term "save" in relevant part as "[t]o preserve from danger or loss . . . [t]o lay up; to hoard . . . [t]o lessen or avoid (a cost, resource, etc.)" (*id.* at 1461 [9th ed 2009]). Pursuant to that definition, the collection of an increased amount of funds, by itself, does not result in savings to defendant. Inasmuch as plaintiff is unable to identify any savings that resulted from his suggestion, we conclude that the court erred, upon reargument, in denying that part of defendant's prior motion for summary judgment dismissing the breach of contract cause of action.

We further conclude that the court erred, upon reargument, in denying that part of defendant's prior motion for summary judgment dismissing the cause of action for unjust enrichment,

i.e., the quasi contract cause of action. " 'Briefly stated, a quasi-contractual obligation is one imposed by law *where there has been no agreement or expression of assent, by word or act, on the part of either party involved.* The law creates it, regardless of the intention of the parties, to assure a just and equitable result' " (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987], quoting *Bradkin v Leverton*, 26 NY2d 192, 196 [1970]). Where, as here, there is an express contract governing the rights of the parties, the rights of the parties are defined by the contract, and thus a quasi contract cause of action does not lie.

We need not address defendant's remaining contentions in light of our determination. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.