■ 14 Bruckner LLC, Appellant, v 14 Bruckner Blvd. Realty Corp., Respondent. [909 NYS2d 630]—

Judgment, Supreme Court, Bronx County (Mark Friedlander, J.), entered March 18, 2010, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about January 13, 2010, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff's causes of action for breach of contract, fraud and negligent misrepresentation in the negotiating and signing of the lease agreement are wholly barred by the plain language of the lease providing that plaintiff accepted the premises as is and agreed to perform, at its own expense, any and all repairs to the premises and that defendant made no representation as to the condition of the premises.

Even if plaintiff's fraud and negligent misrepresentation causes of action were not barred by the language of the lease, they would be barred by the statute of limitations. Plaintiff signed the lease in 2002. It commenced this action one year after the six-year statute of limitations for breach of contract, fraud and negligent misrepresentation expired (*see* CPLR 213

[2], [8]). Indeed, plaintiff waited more than two years after its February 2007 discovery of the alleged latent defects to bring the fraud and negligent misrepresentation causes of action (*see* CPLR 213 [8]).

Plaintiff's time-barred causes of action are not saved by the relation back doctrine because they are asserted in this context neither as counterclaims nor defenses (*see* CPLR 203 [d]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ.