*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 7, 2016                    521954
_____

NYAHSA SERVICES, INC.,
    SELF-INSURANCE TRUST,
                            Plaintiff,

        v

RECCO HOME CARE SERVICES, INC.,
                            Defendant
                            and Third-
                            Party                MEMORANDUM AND ORDER
                            Plaintiff-
                            Appellant;

COOL INSURING AGENCY, INC.,
    et al.,

                            Third-Party
                            Defendants-
                            Respondents.

_____

Calendar Date:    April 29, 2016

Before:    McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.

_____

        Barclay Damon, LLP, Albany (David M. Cost of counsel), for
defendant and third-party plaintiff-appellant.

        Keidel, Weldon & Cunningham, LLP, White Plains (Robert J.
Grande of counsel), for Cool Insuring Agency, Inc. and another,
third-party defendants-respondents.

        Peckar & Abramson, PC, River Edge, New Jersey (Kevin J.
O'Connor of counsel), for LeadingAge New York Services, Inc. and
another, third-party defendants-respondents.

_____

Egan Jr., J.

Appeal from an order of the Supreme Court (Platkin, J.), entered December 31, 2014 in Albany County, which, among other things, partially granted third-party defendants' motions to dismiss the third-party complaint.

Defendant, an employer of home health care providers, was a member of plaintiff, a group self-insured trust, that was formed in July 1995 to provide mandated workers' compensation coverage to defendant's employees (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). In 1999, plaintiff contracted with third-party defendant Cool Insuring Agency, Inc. to serve as its third-party administrator and third-party defendant Cool Risk Management, Inc. to serve as its program administrator (hereinafter collectively referred to as Cool). Defendant was a member of the trust from 1997 until 2008, which encompassed policy periods of March 3, 1997 to March 3, 2009. The trust's annual contribution agreements provided, among other things, that defendant was obligated to pay a deposit contribution, which consisted of administrative fees and projected losses. In the event that defendant's annual deposit contribution exceeded its annual containment contribution, the latter of which reflected its actual incurred losses, then defendant would receive a refund. On the other hand, if defendant's deposit contribution was less than its containment contribution, then it was obligated to pay the deficit to the trust.

Upon termination of its membership in the trust, defendant received two final adjustment bills of $595,816 and $90,574, which purported to reconcile its estimated annual contributions with its actual incurred expenses. After defendant failed to pay the final adjustment bills, plaintiff commenced the instant action against defendant for breach of contract and unjust enrichment. Defendant joined issue and, on July 26, 2013, commenced a third-party action alleging 13 causes of action sounding in breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, fraud and negligence against Cool, as well as indemnification and contribution, conversion, unjust enrichment, negligent misrepresentation, fraud in the

inducement, alter ego liability and violations of General Business Law §§ 349 and 350 against third-party defendant LeadingAge New York Services, Inc., third-party defendant LeadingAge New York, Inc. (hereinafter collectively referred to as LeadingAge) and Cool.

Cool and LeadingAge then moved to dismiss the third-party complaint pursuant to CPLR 3211 (a) (1), (5) and (7). Supreme Court granted the motions as to the causes of action for breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, conversion, unjust enrichment, negligence, negligent misrepresentation, violations of General Business Law §§ 349 and 350 and alter ego liability. Supreme Court also limited the temporal scope of the causes of action for fraud and fraud in the inducement, and denied the motions as to the cause of action for indemnification and contribution.[1] Defendant now appeals, contending that Supreme Court erred in dismissing and/or limiting the temporal scope of its assorted claims against Cool and LeadingAge.[2]

---

[1] Supreme Court "informally consolidated" this action with NYAHSA Servs., Inc., Self-Insurance Trust v People Care Inc. (___ AD3d ___ [decided herewith]) and issued a single order resolving both actions. As is relevant here, we address only that part of the order related to defendant.

[2] Preliminarily, insofar as defendant failed to address the dismissal of its sixth cause of action for conversion in its brief, its appeal related thereto is deemed abandoned (see Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1229 [2015]; Towne v Kingsley, 121 AD3d 1381, 1382 n [2014]). Likewise, as defendant failed to address the dismissal of its eleventh cause of action alleging that Cool and LeadingAge engaged in deceptive business practices in contravention of General Business Law §§ 349 and 350, its appeal is deemed abandoned and, in any event, we agree with Supreme Court that this cause of action is time-barred (see CPLR 214 [2]; Statler v Dell, Inc., 775 F Supp 2d 474, 484 [ED NY 2011]; Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 208-210 [2001]; Pike v New York Life Ins. Co., 72 AD3d 1043, 1047-1048 [2010]).

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, "we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the [nonmoving party] the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1421 [2013] [internal quotation marks and citation omitted]; see Sim v Farley Equip. Co. LLC, 138 AD3d 1228, 1228 [2016]).  Beginning with defendant's third cause of action, wherein it alleges that Cool breached the duty of good faith and fair dealing, and fourth cause of action, wherein it alleges that Cool breached its fiduciary duty, we affirm Supreme Court's dismissal of those claims – albeit on alternative grounds.  Upon review of the complaint, we find that defendant's breach of the duty of good faith and fair dealing claim is duplicative as it "arises from the same [operative] facts and seeks the same damages as [the] breach of contract claim" – specifically, Cool's alleged misrepresentation of the amount of administrative fees, failure to properly capitalize the trust and inadequate performance (Mill Fin., LLC v Gillett, 122 AD3d 98, 104 [2014]; see Fahs Constr. Group, Inc. v State of New York, 123 AD3d 1311, 1312-1313 [2014], lv denied 25 NY3d 902 [2015]; Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [2010], lv denied 15 NY3d 704 [2010]).[3]  Defendant's breach of fiduciary duty claim against Cool also was based upon the same facts and theories "expressly raised in [its] breach of contract claim" and, therefore, was duplicative (Brooks v Key Trust Co. N.A., 26 AD3d 628, 630 [2006], lv dismissed 6 NY3d 891 [2006]; see Mawere v Landau, 130 AD3d 986, 990 [2015]; Canzona v Atanasio, 118 AD3d 841, 843 [2014]).  Having failed to set forth allegations – apart from the terms of the subject contracts – that would create the necessary relationship of "a higher level of trust," defendant's cause of action for breach of a fiduciary duty was properly dismissed (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Kaminsky v FSP Inc., 5 AD3d 251, 252 [2004]).

---

[3]  The viability of defendant's second cause of action for breach of contract is discussed infra.

With respect to the fifth and tenth causes of action, both of which are based in fraud, defendant argues only that Supreme Court miscalculated the applicable statute of limitations. We disagree. Actions based on fraud are subject to the statute of limitations of "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]; see Abele Tractor & Equip. Co., Inc. v Balfour, 133 AD3d 1171, 1171 [2015]). Defendant alleges that Cool committed fraud and that all third-party defendants committed fraudulent inducement between 1997 and 2009 by, among other things, failing to disclose the true financial condition of the trust and misrepresenting Cool's ability to administer the trust.

Defendant concedes in its brief that it discovered the alleged fraud upon receipt of the first disputed adjustment on March 5, 2010, but it did not commence this third-party action until July 2013. As defendant did not file the third-party action within two years of discovery, the causes of action based in fraud are time-barred under the discovery exception (see CPLR 213 [8]; Soghanalian v Young, 131 AD3d 744, 745 [2015]; Elhannon, LLC v Brenda J. DeLuca Trust, 108 AD3d 911, 912-913 [2013]; compare Sargiss v Magarelli, 12 NY3d 527, 532 [2009]). However, because the greater of the two statutes of limitations applies, Supreme Court properly concluded that certain of defendant's fraud and fraudulent inducement claims are timely, but only those that accrued within six years from the commencement of its third-party action (see CPLR 203 [a]; 213 [8]).[4]

---

[4] We also reject defendant's alternative argument that the statute of limitations has not begun to run because it has not incurred damages — specifically, a judgment rendered against it for the outstanding amounts due to the trust. We find that this contention is without merit, as defendant's damages became certain and ascertainable upon receipt of the March 2010 and March 2011 adjustment bills (compare Sidamonidze v Kay, 304 AD2d 415, 416 [2003]). Furthermore, defendant pleaded damages including "amounts already paid to the . . . [t]rust for [d]eposit [c]ontributions and demanded payments for adjustments."

We also reject defendant's contention that Supreme Court erred in dismissing its seventh cause of action for unjust enrichment, as we find that cause of action to be duplicative of defendant's breach of contract claim. Defendant merely alleges in its third-party complaint that the diversion of its trust contributions by Cool and LeadingAge bestowed an unintended benefit upon them for which defendant should be allowed to recover. Without deciding whether Supreme Court was correct in determining that Cool and LeadingAge did not have an equitable obligation to defendant, we find that the assertions raised in defendant's unjust enrichment claim echo those set forth in its breach of contract claim – specifically, its allegation that Cool and LeadingAge recruited unqualified employer members to reap greater administration fees – and, therefore, such claim must be dismissed (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]; Hyman v Burgess, 125 AD3d 1213, 1214 [2015]; DiPizio Constr. Co., Inc. v Niagara Frontier Transp. Auth., 107 AD3d 1565, 1567 [2013]).

Turning to its eighth cause of action, defendant asserts that it incurred damages due to Cool's negligent administration of the trust in the form of, among other things, "amounts already paid" from 1997 to 2009 and "demanded payments for adjustments" for which it first received notice of in March 2010. As the statute of limitations for negligence that results in a loss of funds is three years (see CPLR 214 [4]; Roslyn Union Free Sch. Dist. v Barkan, 16 NY3d 643, 648 n 5 [2011]), and defendant did not file the third-party action until July 2013, Supreme Court properly dismissed the negligence claim as untimely (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139-140 [2009]; McCormick v Favreau, 82 AD3d 1537, 1539 [2011], lv denied 17 NY3d 712 [2011]; Kazakhstan Inv. Fund v Manolovici, 306 AD2d 36, 36 [2003]; Matter of Kaszirer v Kaszirer, 286 AD2d 598, 598-599 [2001]).[5]

---

[5] Despite defendant's contention that Supreme Court sua sponte dismissed this claim, Cool requested "dismissal of each and every cause of action" based upon "the running of [the] applicable statute of limitations" in its motion to dismiss. Therefore, we are satisfied that defendant received adequate

Finally, defendant contends that Supreme Court erred in dismissing its twelfth and thirteenth causes of action – each requesting a declaratory judgment of alter ego liability – against Cool and LeadingAge, respectively.  Supreme Court properly dismissed defendant's thirteenth cause of action as to LeadingAge, as the allegations set forth in the third-party complaint are conclusory and defendant failed to plead any particularized facts with respect thereto (see Andejo Corp. v South St. Seaport Ltd. Partnership, 40 AD3d 407, 407 [2007]; see also CPLR 3013, 3016 [b]; compare MPEG LA, L.L.C. v GXI Intl., LLC, 126 AD3d 641, 642 [2015]).  In contrast, Cool concedes in its brief that "there is no entity known as Cool Risk Management, Inc.," which, instead, is a licensed assumed name for Cool Insuring Agency, Inc.  As this admission is sufficient to sustain defendant's alter ego liability cause of action as to Cool (see generally Len v State of New York, 74 AD3d 1597, 1599 [2010], lv dismissed and denied 15 NY3d 912 [2010]), Supreme Court should not have dismissed defendant's twelfth cause of action.

We reach a similar conclusion with respect to Supreme Court's dismissal of defendant's second cause of action for breach of contract.  In order to adequately plead a breach of contract claim as a third-party beneficiary, defendant had to establish "(1) the existence of a valid and binding contract between [plaintiff and Cool], (2) that the contract was intended for its benefit, and (3) that the benefit to it is sufficiently immediate to indicate the assumption by [plaintiff and Cool] of a duty to compensate it if the benefit is lost" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks, brackets, ellipsis and citation omitted]; see Levine v Harriton & Furrer, LLP, 92 AD3d 1176, 1177 [2012]).

Here, defendant's third-party claim for breach of contract was premised upon the theory that defendant was an express and intended third-party beneficiary of the administrator agreements between the trust and Cool, by which Cool breached its

notice to respond (compare Matter of Level 3 Communications, LLC v Essex County, 129 AD3d 1255, 1256 [2015], lv denied 26 NY3d 907 [2015]).

contractual duties and implied promises when it failed to properly capitalize the trust, misrepresented the amount of administrative fees it collected and approved "excessive discounts to non-qualified entities to induce them to join" the trust. Notably, the agreements expressly provided that Cool was obligated to indemnify the trust for loss sustained due to, among other things, "any claim made by any [employer] [m]ember . . . against the [t]rust to the extent that such claim arises out of a breach by Cool of its obligations hereunder or the negligence or willful misconduct of Cool."

Given the liberal construction afforded to pleadings (see CPLR 3026), we find that defendant sufficiently alleged that it was an intended third-party beneficiary of the agreements between Cool and the trust. Accordingly, dismissal of this particular claim under CPLR 3211 (a) (7) was not warranted (see Town of Moriah v Cole-Layer-Trumble Co., 200 AD2d 879, 880 [1994]; compare IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1357 [2008], lv denied 11 NY3d 706 [2008]). Additionally, absent any language in the agreements expressly negating enforcement by third parties, it cannot be said that defendant's allegations on this point were completely refuted by documentary evidence (see CPLR 3211 [a] [1]; Board of Educ. of Northport-E. Northport Union Free Sch. Dist. v Long Is. Power Auth., 130 AD3d 953, 954-956 [2015]; compare Jacobs v Mazzei, 112 AD3d 1115, 1117-1118 [2013], lv dismissed 22 NY3d 1172 [2014]; Brown v BT-Newyo, LLC, 93 AD3d 1138, 1140 [2012], lv denied 19 NY3d 815 [2012]).

Similarly, Supreme Court should not have dismissed defendant's ninth cause of action for negligent misrepresentation against Cool and LeadingAge. Defendant alleged, among other things, that, in order to induce its continued participation in the trust, Cool and LeadingAge misrepresented and omitted material facts known to be false that were related to the trust's financial solvency, the risk of membership in the trust and Cool's capacity — all of which defendant relied upon to its financial detriment. As such, we find that defendant's allegations of negligent misrepresentation are not redundant but, rather, sufficiently allege duties that are independent from Cool's alleged failure to perform the terms of the contracts (see

<u>TIAA Global Invs., LLC v One Astoria Sq. LLC</u>, 127 AD3d 75, 87 [2015]; <u>84 Lbr. Co., L.P. v Barringer</u>, 110 AD3d 1224, 1226 [2013]). Accordingly, we find that defendant sufficiently pleaded this cause of action for purposes of CPLR 3211 (a) (7). Further, inasmuch as the underlying facts are based in fraud, the six-year statute of limitations period applies (<u>see</u> <u>Fromer v Yogel</u>, 50 F Supp 2d 227, 242 [SD NY 1999]; <u>County of Ulster v Highland Fire Dist.</u>, 29 AD3d 1112, 1115 [2006], <u>lv denied</u> 7 NY3d 710 [2006]; <u>see also</u> CPLR 213 [8]). Therefore, Supreme Court should not have dismissed this claim as time-barred; rather, consistent with the court's temporal limitation on defendant's fraud claims, only those claims that accrued within six years from the commencement of defendant's third-party action should be allowed to proceed. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted third-party defendants' motions to dismiss the second, ninth and twelfth causes of action of the third-party complaint; motions denied to the extent set forth in this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court