*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 7, 2016                521953
_____

NYAHSA SERVICES, INC.,
    SELF-INSURANCE TRUST,
                        Respondent,

        v

PEOPLE CARE INCORPORATED,
                        Defendant
                        and Third-          MEMORANDUM AND ORDER
                        Party
                        Plaintiff-
                        Appellant;

COOL INSURING AGENCY, INC.,
    et al.,
                        Third-Party
                        Defendants-
                        Respondents.

_____

Calendar Date:  April 29, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.

_____

        Barclay Damon, LLP, Albany (David M. Cost of counsel), for
defendant and third-party plaintiff-appellant.

        Bond, Schoeneck & King, PLLC, Albany (Stuart F. Klein of
counsel), for respondent.

        Keidel, Weldon & Cunningham, LLP, White Plains (Robert J.
Grande of counsel), for Cool Insuring Agency, Inc. and another,
third-party defendants-respondents.

        Peckar & Abramson, PC, River Edge, New Jersey (Kevin J.
O'Connor of counsel), for LeadingAge New York Services, Inc. and
another, third-party defendants-respondents.

_____

Egan Jr., J.

Appeal from an order of the Supreme Court (Platkin, J.), entered December 31, 2014 in Albany County, which, among other things, partially granted third-party defendants' motions to dismiss the third-party complaint.

Defendant, a home health care provider, was a member of plaintiff, a group self-insured trust, that was formed in July 1995 to provide mandated workers' compensation coverage to defendant's employees (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). Defendant was a member of the trust for policy periods of June 15, 2000 through June 15, 2008. In July 2010, plaintiff commenced the instant action against defendant for breach of contract and unjust enrichment, alleging that defendant failed to pay $3,332,427 in adjustment bills that purported to reconcile its estimated annual contributions with its actual incurred expenses.[1] In September 2010, defendant joined issue and counterclaimed for injunctive relief/accounting, unjust enrichment, fraud/fraud in the inducement, breach of fiduciary duty, breach of the duty of good faith and fair dealing, breach of contract, negligence, conversion and violations of General Business Law §§ 349 and 350. Plaintiff then moved to dismiss the counterclaims asserted against it pursuant to CPLR 3211 (a) (1), (3), (6) and (7).

On July 26, 2013, defendant commenced a third-party action alleging 13 causes of action sounding in breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, fraud and negligence against third-party defendants Cool Insuring Agency, Inc. and Cool Risk Management, Inc. (hereinafter collectively referred to as Cool), as well as indemnification and contribution, conversion, unjust enrichment, negligent misrepresentation, fraud in the inducement, alter ego liability and violations of General Business Law §§ 349 and 350 against third-party defendant LeadingAge New York Services, Inc., third-party defendant LeadingAge New York, Inc. (hereinafter

---

[1] The details of the underlying financial arrangement are set forth in NYAHSA Servs., Inc., Self-Insurance Trust v Recco Home Care Servs., Inc. (___ AD3d ___ [decided herewith]).

collectively referred to as LeadingAge) and Cool.[2]  Cool and LeadingAge then moved to dismiss the third-party complaint pursuant to CPLR 3211 (a) (1), (3), (6) and (7).

Supreme Court granted plaintiff's motion dismissing defendant's counterclaims for injunctive relief/accounting, unjust enrichment, breach of good faith and fair dealing, negligence, conversion and violations of General Business Law §§ 349 and 350.  Supreme Court, among other things, also limited the temporal scope of defendant's counterclaims for breach of contract, breach of fiduciary duty, fraud and fraud in the inducement.[3]  As to defendant's third party-claims, Supreme Court granted the motions as to the causes of action for breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, fraud, conversion, unjust enrichment, negligence, negligent misrepresentation, fraudulent inducement, violations of General Business Law §§ 349 and 350 and alter ego liability, and denied, in part, the motion as to the cause of action for indemnification against Cool.  Defendant now appeals.[4]

---

[2]  LeadingAge created the trust, which, in turn contracted with Cool Insuring Agency, Inc. to serve as the trust's third-party administrator and program administrator.

[3]  Supreme Court "informally consolidated" this action with the claims at issue in NYAHSA Servs., Inc. Self-Insurance Trust v Recco Home Care Servs., Inc. (supra) and issued a single order resolving both actions.  As is relevant here, we address only that part of the order related to defendant.

[4]  Preliminarily, insofar as defendant failed to address in its brief the dismissal of its first, third, sixth, eighth and ninth counterclaims for injunctive relief/accounting, fraud/fraud in the inducement, breach of contract, conversion and violations of General Business Law §§ 349 and 350, its appeal related thereto is deemed abandoned (see Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 n 1 [2016]; Goodnow Flow Assn. Inc. v Graves, 135 AD3d 1228, 1229 n 1 [2016]).  Similarly, inasmuch as defendant does not raise any issues in its brief with respect to its first, sixth and eleventh third-party claims for indemnification and contribution,

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, "we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the [nonmoving party] the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1421 [2013] [internal quotation marks and citation omitted]; see Tenney v Hodgson Russ, LLP, 97 AD3d 1089, 1090 [2012]).  Beginning with defendant's counterclaims, Supreme Court properly dismissed defendant's second counterclaim for unjust enrichment as the rights of defendant are governed and defined by the contribution agreements and, therefore, "a quasi contract cause of action does not lie" (Daley v County of Erie, 71 AD3d 1398, 1400 [2010]; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; compare Segal v Cooper, 95 AD3d 545, 546 [2012]).  We reach a similar conclusion with respect to Supreme Court's dismissal of defendant's fifth counterclaim for breach of the duty of good faith and fair dealing as this claim is duplicative of the breach of contract counterclaim (see Fahs Constr. Group, Inc. v State of New York, 123 AD3d 1311, 1312-1313 [2014], lv denied 25 NY3d 902 [2015]; Mill Fin., LLC v Gillett, 122 AD3d 98, 104 [2014]; Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [2010], lv denied 15 NY3d 704 [2010]).  Finally, defendant's seventh counterclaim for negligence also was properly dismissed as defendant failed to allege a legal duty independent of the underlying contracts and demanded damages identical to those set forth in its breach of contract claim (see Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1042 [2014]; Torok v Moore's Flatwork & Founds., LLC, 106 AD3d at 1422).

Upon further review of the pleadings, however, we find that defendant's fourth counterclaim for breach of fiduciary duty should have been dismissed in its entirety.  Supreme Court viewed this particular counterclaim as having both fraud and "non-fraud" components; the court dismissed the non-fraud aspect thereof as redundant, i.e., duplicative, of the breach of contract

conversion and violations of General Business Law §§ 349 and 350, any challenge thereto is deemed abandoned (see Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1229 [2015]).

counterclaim, but allowed the fraud-based portion thereof to stand and analyzed such claims upon statute of limitations grounds.  Examination of the pleadings reveals, however, that defendant's counterclaim for breach of fiduciary duty alleges virtually identical facts and theories and requests the same damages as set forth in defendant's counterclaim for breach of contract.  Accordingly, the entirety of defendant's counterclaim for breach of fiduciary duty – including the fraud-based aspects thereof – is duplicative and, as such, must be dismissed (see Canzona v Atanasio, 118 AD3d 841, 843 [2014]; Hylan Elec. Contr., Inc. v MasTec N. Am., Inc., 74 AD3d 1148, 1150 [2010]; William Kaufman Org. v Graham & James, 269 AD2d 171, 173 [2000]).[5]

Turning to defendant's third-party complaint, we note that both the underlying facts and the causes of action set forth therein mirror those raised by Recco Home Care Services, Inc. in NYAHSA Servs., Inc., Self-Insurance Trust v Recco Home Care Services, Inc. (___ AD3d ___ [decided herewith] [hereinafter Recco]).  Accordingly, as defendant's arguments and allegations here relative to certain of its third-party claims are indistinguishable from those raised by Recco Home Care Services in the related action, we affirm Supreme Court's dismissal of defendant's third cause of action for breach of good faith and fair dealing (see Fahs Constr. Group, Inc. v State of New York, 123 AD3d at 1312-1313; Mill Fin., LLC v Fillett, 122 AD3d at 104; Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d at 426), fourth cause of action for breach of fiduciary duty (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Mawere v Landau, 130 AD3d 986, 990 [2015]; Brooks v Key Trust Co. N.A., 26 AD3d 628, 630 [2006], lv dismissed 6 NY3d 891

_____

[5]  Although plaintiff did not cross-appeal from the underlying order, plaintiff expressly moved to dismiss this particular counterclaim as duplicative – an argument with which Supreme Court partially agreed.  As defendant clearly was on notice that plaintiff was seeking to dismiss the subject counterclaim upon this ground, and as we agree with plaintiff that such counterclaim indeed is duplicative, we see no reason not to dismiss this counterclaim in its entirety (compare Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1263 [2015]; Mann v Rusk, 14 AD3d 909, 910 [2005]).

[2006]) and seventh cause of action for unjust enrichment (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]; Hyman v Burgess, 125 AD3d 1213, 1214 [2015]; DiPizio Constr. Co., Inc. v Niagara Frontier Transp. Auth., 107 AD3d 1565, 1567 [2013]) as duplicative of its breach of contract claim for the reasons set forth in our decision in Recco.[6]

Supreme Court also properly dismissed defendant's eighth cause of action for negligence. The statute of limitations for negligence that results in a loss of funds is three years (see CPLR 214 [4]; Roslyn Union Free Sch. Dist. v Barkan, 16 NY3d 643, 648 n 5 [2011]). Here, defendant's alleged damages arose from, among other things, "amounts already paid" for policy periods of 2000 until 2006 and "demanded payments for adjustments" for which it received notice of in 2008. As such damages were incurred more than three years prior to the filing of defendant's third-party complaint in 2013, defendant's negligence claim was untimely (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139-140 [2009]; McCormick v Favreau, 82 AD3d 1537, 1539 [2011], lv denied 17 NY3d 712 [2011]; Kazakhstan Inv. Fund v Manolovici, 306 AD2d 36, 36 [2003]; Matter of Kaszirer v Kaszirer, 286 AD2d 598, 598-599 [2001]).[7]

Finally, we discern no error in Supreme Court's dismissal of defendant's thirteenth cause of action requesting a declaratory judgment of alter ego liability as to LeadingAge because the allegations set forth in the third-party complaint are conclusory, and defendant failed to plead any particularized facts with respect thereto (see Angejo Corp. v South St. Seaport

---

[6] The viability of defendant's second cause of action for breach of contract is discussed infra.

[7] Despite defendant's contention that Supreme Court sua sponte dismissed this claim, Cool requested "dismissal of each and every cause of action" based upon "the running of [the] applicable statute of limitations" in its motion to dismiss. Therefore, we are satisfied that defendant received adequate notice to respond (compare Matter of Level 3 Communications, LLC v Essex County, 129 AD3d 1255, 1256 [2015], lv denied 26 NY3d 907 [2015]).

Ltd. Partnership, 40 AD3d 407, 407 [2007]; see also CPLR 3013, 3106 [b]; compare MPEG LA, L.L.C. v GXI Intl., LLC, 126 AD3d 641, 642 [2015]). That said, Cool concedes in its brief — as it maintained in Recco — that "there is no entity known as Cool Risk Management, Inc.," which, instead, is a licensed assumed name for Cool Insuring Agency, Inc. As this admission is sufficient to sustain defendant's alter ego liability cause of action as to Cool (see generally Len v State of New York, 74 AD3d 1597, 1599 [2010], lv dismissed and denied 15 NY3d 912 [2010]), Supreme Court should not have dismissed defendant's twelfth cause of action.

We reach a similar conclusion with respect to Supreme Court's dismissal of defendant's second cause of action for breach of contract against Cool. Given the liberal construction afforded to pleadings (see CPLR 3026), we find that defendant sufficiently alleged that it was a third-party beneficiary of the contracts between Cool and the trust (see Board of Educ. of Northport-E. Northport Union Free Sch. Dist. v Long Is. Power Auth., 130 AD3d 953, 954-956 [2015]). Specifically, the presence of an express indemnification clause and the corresponding absence of any language expressly negating enforcement by third parties demonstrates that dismissal of this particular claim under CPLR 3211 (a) (7) was not warranted (see Town of Moriah v Cole-Layer-Trumble Co., 200 AD2d 879, 880 [1994]; compare IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1357 [2008], lv denied 11 NY3d 706 [2008]).

Supreme Court also should not have dismissed defendant's fifth, ninth and tenth causes of action for fraud, negligent misrepresentation and fraudulent inducement in their entirety. As each of these claims sound in fraud, defendant was entitled to use the greater of the six-year statute of limitations or the two-year discovery exception set forth in CPLR 213 (8) (see Fromer v Yogel, 50 F Supp 2d 227, 242 [SDNY 1999]; 14 Bruckner LLC v 14 Bruckner Blvd. Realty Corp., 78 AD3d 431, 431-432 [2010]). Defendant cannot avail itself of the two-year discovery exception with respect to these causes of action as the third-party complaint was not filed until July 26, 2013 — more than two years from when defendant admittedly discovered the fraud on September 17, 2010. As to defendant's fraud and fraudulent

inducement causes of action, we conclude — consistent with our holding in <u>Recco</u> — that only those claims that accrued within six years of the filing of defendant's third-party complaint on July 26, 2013 should be permitted to proceed (<u>see</u> CPLR 213 [8]; <u>Soghanalian v Young</u>, 131 AD3d 744, 745 [2015]; <u>Dowlings, Inc. v Homestead Dairies, Inc.</u>, 88 AD3d 1226, 1228 [2011]). As such causes of action survive to this limited extent, Supreme Court's order must be modified accordingly.

We reach a similar conclusion with respect to the negligent misrepresentation claim. Again, defendant's allegations here mirror those made by the defendant in <u>Recco</u> — specifically, that, in order to induce its continued participation in the trust, third-party defendants misrepresented and omitted material facts known to be false that were related to the trust's financial solvency, the risk of membership in the trust and Cool's capacity to administer the trust — all of which defendant relied upon to its detriment. As we did in <u>Recco</u>, we find that these allegations are not redundant but, rather, allege duties independent of Cool's and LeadingAge's duties under the subject agreements and, therefore, are sufficient to survive a motion to dismiss under CPLR 3211 (a) (7). That said, consistent with the temporal limitation governing defendant's fraud and fraudulent inducement causes of action, only those claims that accrued within six years of the filing of the third-party complaint are timely and, hence, should be allowed to proceed. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted third-party defendants' motions to dismiss the second, fifth, ninth, tenth and twelfth causes of action of the third-party complaint and (2) partially denied plaintiff's motion to dismiss defendant's fourth counterclaim; third-party defendants' motions denied to the extent set forth in this Court's decision and plaintiff's motion granted to the extent of dismissing defendant's fourth counterclaim in its entirety; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court