NYAHSA Servs., Inc., Self-Insurance Trust v Recco Home Care Servs., Inc. (2018 NY Slip Op 08737)





NYAHSA Servs., Inc., Self-Insurance Trust v Recco Home Care Servs., Inc.


2018 NY Slip Op 08737


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526675

[*1]NYAHSA SERVICES, INC., SELF-INSURANCE TRUST, et al., Respondents,
v
RECCO HOME CARE SERVICES, INC., Appellant.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.


Barclay Damon LLP, Albany (David M. Cost of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Albany (Stuart F. Klein of counsel), for respondents.



MEMORANDUM AND ORDER
Egan, Jr., J.
Appeal from that part of an order of the Supreme Court (Platkin, J.), entered June 26, 2017 in Albany County, which granted plaintiffs' motion to dismiss defendant's counterclaims and partially denied defendant's cross motion to amend its answer.
The facts and procedural history of this case are more fully discussed in a previous decision in this matter (NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792 [2016]). Briefly stated, plaintiff NYAHSA Services, Inc., Self-Insurance Trust (hereinafter the trust) is a group self-insured trust that was created to provide mandated workers' compensation coverage to defendant's employees (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3]). Each year that defendant was a member of the trust, it entered into annual contribution agreements and paid the corresponding invoices issued by the trust for periodic adjustments reflecting those additional costs that the trust incurred with respect to workers' compensation claims paid on behalf of defendant's employees. In March 2009, defendant terminated its membership in the trust. Thereafter, in March 2010, the trust sent defendant an invoice for payment of adjustments for additional expenses that the trust incurred with respect to claims that were filed while defendant was still a member of the trust. Defendant ultimately refused to pay any further adjustments, resulting in the instant litigation.
As relevant here, in February 2016, the trust moved to amend its complaint to add plaintiffs Denise Mitchell Alper, Rocco Meliambro, Emma Devito and Mark Pancirer, as trustees of the trust (hereinafter collectively referred to as the individual trustees), and to add a claim for additional unpaid adjustment invoices that were issued to defendant after commencement of this litigation. Supreme Court granted the trust's motion to amend, and plaintiffs thereafter filed a second amended complaint [FN1]. Defendant filed an answer to plaintiffs' second amended complaint and, as relevant here, asserted counterclaims against the individual trustees for fraud/fraud in the inducement, breach of fiduciary duty and negligence. Plaintiffs then moved to dismiss these [*2]counterclaims as time-barred by the applicable statutes of limitations. Defendant opposed the motion and cross-moved to, among other things, amend its answer to assert a counterclaim against the individual trustees pursuant to General Business Law §§ 349 and 350. Supreme Court granted plaintiffs' motion to dismiss defendant's counterclaims against the individual trustees, determining that the relation back doctrine was not
applicable, no periods of equitable tolling applied and that said claims were therefore time-barred. Supreme Court also partially denied defendant's cross motion to the extent that, as relevant here, it denied its motion for leave to amend the answer to assert a General Business Law §§ 349 and 350 counterclaim against the individual trustees. Defendant now appeals.
For the reasons set forth in NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc. (___ AD3d ___ [decided herewith]), we conclude that Supreme Court should not have granted plaintiffs' motion to dismiss defendant's counterclaims for fraud/fraud in the inducement and breach of fiduciary duty against the individual trustees and it should have granted defendant's cross motion for leave to amend the answer to add a cause of action against the individual trustees pursuant to General Business Law §§ 349 and 350.
McCarthy, J.P., Lynch and Clark, JJ., concur.
ORDERED that order is modified, on the law, without costs, by reversing so much thereof as (1) granted plaintiffs' motion to dismiss defendant's counterclaims against plaintiffs Denise Mitchell Alper, Rocco Meliambro, Emma Devito and Mark Pancirer for fraud/fraud in the inducement and breach of fiduciary duty, and (2) denied defendant's cross motion to amend its answer to assert a counterclaim against said plaintiffs pursuant to General Business Law §§ 349 and 350; motion denied and cross motion granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: An amended complaint had previously been filed by the trust.