Belair Care Ctr., Inc. v Cool Insuring Agency, Inc. (2019 NY Slip Op 00015)





Belair Care Ctr., Inc. v Cool Insuring Agency, Inc.


2019 NY Slip Op 00015


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

526294

[*1]BELAIR CARE CENTER, INC., et al., Appellants- Respondents,
v
COOL INSURING AGENCY, INC., Defendant, and HIRSCH WOLF & COMPANY, INC., et al., Respondents- Appellants, and HICKEY-FINN & CO., INC., et al., Respondents, et al., Defendants.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Barclay Damon LLP, Albany (Linda J. Clark of counsel), for appellants-respondents.
Keidel, Weldon & Cunningham, LLP, White Plains (Stephen C. Cunningham of counsel), for Hirsch Wolf & Company, Inc. and others, respondents-appellants.
Steinberg & Cavaliere, LLP, White Plains (Steven A. Coploff of counsel), for Rampart Brokerage Corp., respondent-appellant.
O'Connor First PC, Albany (Kathleen A. Barclay of counsel), for Vanner Insurance Agency and others, respondents-appellants, and Hickey-Finn & Co., Inc., respondent.
Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for HUB International Northeast Limited and others, respondents.



MEMORANDUM AND ORDER
Aarons, J.
Cross appeals from an order of the Supreme Court (Platkin, J.), entered May 4, 2017 in Albany County, which, among other things, partially granted defendants' motions to dismiss the amended complaint.
The facts and procedural history are set forth in this Court's prior decision (161 AD3d 1263 [2018]). Briefly, plaintiffs are former members of the Healthcare Industry Trust of New York (hereinafter the trust), a group self-insurance trust created in 1999 and administered by Compensation Risk Managers, LLC (hereinafter CRM) pursuant to Workers' Compensation Law § 50 (3-a). In December 2007, the Workers' Compensation Board seized control of the trust after determining that it was significantly underfunded (see 12 NYCRR 317.20), and a subsequent forensic analysis revealed a deficit exceeding $220 million. Under their agreements with the trust, its members were each jointly and severally liable for this shortfall and, in December 2009, the Board levied assessments against them based upon their pro rata share of that deficit.[FN1]
As noted in our prior decision, various complaints were filed and/or amended at different times (161 AD3d at 1263-1265). In this regard, certain members of the trust commenced an action (hereinafter the HITNY action) by filing a summons and complaint on July 10, 2009 and, prior to that complaint being served, it was amended in November 2009, by adding, as relevant here, defendants Hirsh Wolf & Company, Inc. and Hickey-Finn & Co., Inc. In March 2010, a second amended complaint was filed in the HITNY action. The HITNY action was thereafter stayed by a litigation coordination panel and, while the stay was still in effect, certain members of the trust sought to preserve their claims against certain insurance brokers by commencing a separate action (hereinafter the Seacrest action) in December 2012. In the Seacrest action, as relevant here, plaintiffs Sea Crest Health Care Center and Shore View Nursing Home asserted claims against Hirsch Wolf, and certain plaintiffs asserted claims against defendant The Treiber Group LLC (hereinafter Treiber). After the stay in the HITNY action was terminated in February 2013, a third amended complaint in such action was permitted in November 2013, wherein, as relevant here, plaintiff Morgan Estates ACF, LP asserted claims against defendant Cool Insuring Agency, Inc [FN2]. The HITNY action plaintiffs thereafter assigned their causes of action to the Board, except for those causes of action asserted against various insurance brokers. These claims were severed into the instant action, which was commenced in March 2014.
On July 9, 2015, plaintiff United Nassau Extended Care Facility Corp. filed a summons with notice against Treiber [FN3]. In June 2016, plaintiffs moved to amend the complaint in this action. In an October 2016 order, Supreme Court, among other things, granted this motion by adding United Nassau as a plaintiff and adding defendants HUB International Northeast Limited, HUB International Group Northeast Inc. and HUB International Limited (hereinafter collectively referred to as the HUB defendants) as defendants. The amended complaint asserted 11 causes of action: conversion, unjust enrichment, negligent misrepresentation, fraud in the inducement, violations of General Business Law § 349, violations of the Racketeer Influence and Corruption Organization Act (see 18 USC § 1961 et seq. [hereinafter RICO]), common-law indemnification, breach of contract, negligence, aiding and abetting a breach of fiduciary duty and aiding and abetting fraud.[FN4]
Defendants, via separate pre-answer motions, moved under CPLR 3211 to dismiss the amended complaint. In a May 2017 order, Supreme Court, among other things, granted the motions to the extent of dismissing the causes of action for unjust enrichment, a violation of [*2]General Business Law § 349, RICO and negligence insofar as asserted against all defendants and the remaining claims insofar as asserted against Cool, the HUB defendants and Hickey-Finn and insofar as alleged by United Nassau [FN5]. This appeal [FN6] and cross appeal ensued.
We find that Supreme Court properly dismissed the negligence cause of action as duplicative of the breach of contract cause of action given that the amended complaint alleged identical damages with respect to both causes of action and plaintiffs failed to identify a legal duty by defendants independent from their contractual obligations (see Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1156, 1158-1159 [2018]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care, Inc., 141 AD3d 785, 788 [2016]). We also find that dismissal of the RICO cause of action was proper given that the allegations in the amended complaint failed to satisfy the heightened pleading requirement for such claims (see Besicorp, Ltd. v Kahn, 290 AD2d 147, 151-152 [2002], lv denied 98 NY2d 601 [2002]). As to the claim for unjust enrichment, such claim "lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, ___ AD3d ___, ___, 2018 NY Slip Op 07392, *2 [2018] [internal quotation marks and citations omitted]; see Hubbard v Town of Sand Lake, 246 AD2d 708, 710 [1998]). Given that the written agreements govern the subject matter at issue, plaintiffs cannot recover under a theory of unjust enrichment (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care, Inc., 141 AD3d at 788; White v Ivy, 63 AD3d 1236, 1238-1239 [2009]). Accordingly, we conclude that the unjust enrichment cause of action was properly dismissed.
For reasons stated by Supreme Court, we find that the dismissal of the entire amended complaint with respect to Hickey-Finn was proper (see 55 Misc 3d 1216[A], 2017 NY Slip Op 50609[U], *20-21 [Sup Ct, Albany County 2017]). We also conclude, for reasons stated by Supreme Court, that the negligent misrepresentation, fraud in the inducement, aiding and abetting fraud and aiding and abetting a breach of fiduciary duty claims were sufficiently pleaded (see id. at *12-15, *17-18)[FN7]. We reach a different conclusion, however, with respect to the General Business Law § 349 cause of action and disagree with Supreme Court's reasoning that the alleged misconduct was not consumer oriented.
"The threshold requirement of consumer-oriented conduct is met by a showing that the acts or practices have a broader impact on consumers at large in that they are directed to consumers or potentially affect similarly situated consumers" (Benetech Inc. v Omni Fin. Group, Inc., 116 AD3d 1190, 1190 [2014] [internal quotation marks and citations omitted], lv denied 23 NY3d 909 [2014]). The amended complaint alleged that "[d]efendants aggressively marketed and advised the [t]rust and self-insurance trusts to the public at large in general as a safe and less expensive alternative to traditional insurance" and that "the information disseminated by [d]efendants was likely to mislead reasonable employers." The amended complaint further alleged that defendants' actions "injured and harmed [p]laintiffs, other members of self-insured trusts and the general public" and have "jeopardized the workers' compensation benefits of New York employers and their employees." Construing these allegations liberally, as we must, we find that plaintiffs sufficiently alleged that the misconduct at issue was consumer oriented (see Accredited Aides Plus, Inc. v Program Risk Mgt., Inc., 147 AD3d 122, 134-135 [2017]). Accordingly, the General Business Law § 349 cause of action should not have been dismissed, except as against Hickey-Finn, to the extent that such claim accrued within three years of when it was interposed by each respective plaintiff (see CPLR 214 [2]).
Turning to the statute of limitations issue, "[i]n moving to dismiss the complaint pursuant to CPLR 3211 (a) (5), defendant[s] bore the initial burden to establish, prima facie, that the action was time-barred, and, to do so, [were] required to establish when plaintiff[s'] causes of action accrued" (Northeastern Indus. Park, Inc. v Hoosick Val. Contrs., Inc., 106 AD3d 1182, 1183 [2013] [internal citations omitted]). The statute of limitations for a claim of breach of contract is six years (see CPLR 213 [2]). The fraud in the inducement and the aiding and abetting fraud claims are subject to the greater of a six-year statute of limitations period or two years from when the alleged fraudulent activity was discovered or could have been discovered with reasonable diligence (see CPLR 213 [8]). As to the negligent misrepresentation and aiding and abetting a breach of fiduciary duty claims, Supreme Court correctly found that the six-year limitations period or the two-year discovery exception, whichever was greater, applied given that such claims are premised upon fraudulent conduct (see Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 917-919 [2018]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care, Inc., 141 AD3d at 791). In this regard, with respect to the negligent misrepresentation claim, plaintiffs alleged that defendants "had access to information regarding the [t]rust's true financial condition . . . prior to recommending or placing [p]laintiffs in the [t]rust," that the representations made by them and the materials provided were false and misleading and that they should have known of their falsity. Plaintiffs also alleged that plaintiffs reasonably relied on these misrepresentations in deciding to become members of the trust. As to the aiding and abetting a breach of fiduciary duty claim, plaintiffs alleged that defendants knowingly acted "in concert with [CRM] to increase the membership of the [t]rust despite a mounting deficit by aggressively marketing [t]rust membership as a relatively safe and conservative alternative to regulated insurance products
. . . and by endorsing misleading and inaccurate information provided to them by CRM and the [t]rust and using marketing materials to convince [p]laintiffs to join and/or remain in the [t]rust rather than purchase traditional insurance." As such, we find that these claims are subject to the greater of a six-year statute of limitations period or two-year discovery rule.
Regarding the accrual date for the negligent misrepresentation, fraud in the inducement and aiding and abetting fraud claims, such claims accrued when plaintiffs relied on the alleged misrepresentations (see Enzinna v D'Youville Coll., 84 AD3d 1744, 1745 [2011]), or when the alleged fraud was committed (see Giarrantano v Silver, 46 AD3d 1053, 1056 [2007]). In pertinent part, the amended complaint alleged that defendants failed to provide plaintiffs with accurate information concerning the ongoing risk associated with remaining a member of the trust and that such failure prevented them from taking steps to protect their interests and avoid liability in connection with being a trust member. It also alleged that defendants provided misleading information regarding the financial health of the trust and the ability of CRM to administer the trust, and plaintiffs relied on such misleading information to remain a trust member. In view of these allegations of ongoing misrepresentations made to plaintiffs during their membership in the trust, the negligent misrepresentation, fraud in the inducement and aiding and abetting fraud claims would have accrued no later than December 2007, at which point the Board took control of the trust (see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 795 [2016]). The breach of contract claim, as Supreme Court correctly found, likewise accrued in December 2007. Regarding the accrual date for the aiding and abetting a breach of fiduciary duty claim, such claim centers on CRM's breach of a fiduciary duty in its administration of the trust. As such, it also accrued no later than December 2007 when the Board assumed control over the trust (see State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 111 [2017]).[FN8]
To be timely, the negligent misrepresentation, fraud in the inducement, aiding and abetting a breach of fiduciary duty, aiding and abetting fraud and breach of contract claims had to be interposed by December 2013 [FN9]. That said, we find that Supreme Court correctly dismissed these claims to the extent alleged against the HUB defendants given that they were interposed against them in June 2016, and alleged by United Nassau, given that such claims were interposed by United Nassau in July 2015 and June 2016. For reasons stated by Supreme Court (see 2017 NY Slip Op 50609[U] at *5-7), we reject plaintiffs' reliance on the de facto merger doctrine to have these claims — insofar as asserted against the HUB defendants — relate back to when such claims were interposed against Hirsch Wolf in either the amended complaint in the HITNY action (November 2009) or the Seacrest action (December 2012). Nor do we agree with plaintiffs' assertion that United Nassau's claims related back to the Seacrest action.
With respect to the negligent misrepresentation and fraud in the inducement claims insofar as asserted by Morgan Estates against Cool, the record discloses that Cool ceased handling Morgan Estates' membership in the trust as of April 2006. Given that these claims by Morgan Estates were deemed interposed in December 2012, they are barred by the six-year statute of limitations and were properly dismissed.
Finally, we reject the claim that Supreme Court erred in refusing to dismiss the amended complaint as barred by documentary evidence. Assuming, without deciding, that the documentary evidence was authentic, we find that such evidence failed to utterly refute the allegations in the amended complaint and conclusively establish a defense as a matter of law (see New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d 1250, 1256-1257 [2015]; see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). As for the memoranda submitted by defendant Rampart Brokerage Corp. in conjunction with its motion, we agree with Supreme Court that, although they "provide an overwhelming rebuttal" to plaintiffs' claims, they "do not provide a complete defense" to them (2017 NY Slip Op 50609[U] at *20). The parties' remaining contentions have been examined and are either academic or without merit.
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions to dismiss the General Business § 349 cause of action against all defendants except defendant Hickey-Finn & Co., Inc.; motions denied to said extent and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: The deficit was represented to be approximately $176,500,000 as of March 2012.

Footnote 2: Pursuant to a stipulation of discontinuance, the parties to the Seacrest action agreed that the claims by Morgan Estates against Cool would relate back to when the Seacrest action was commenced.

Footnote 3: Plaintiff Wen Extended Facility Management Corp. had asserted claims against Treiber in the November 2013 third amended complaint.

Footnote 4: The negligence claim was not asserted against Treiber, Cool and Hickey-Finn. The breach of contract, aiding and abetting a breach of fiduciary duty and aiding and abetting fraud causes of action were not alleged against Cool and Hickey-Finn.

Footnote 5: In May 2018, we modified Supreme Court's October 2016 order by permitting plaintiffs to add a cause of action under General Business Law § 350 (161 AD3d at 1269-1271).

Footnote 6: Plaintiffs have not raised any argument regarding the dismissal of the conversion and common-law indemnification claims and, therefore, have abandoned any argument with respect thereto (see London v North, 152 AD3d 884, 884 n 1 [2017]).

Footnote 7: We are unpersuaded by the assertion that these claims are redundant of the breach of contract claim (see 84 Lbr. Co., L.P. v Barringer, 110 AD3d 1224, 1226 [2013]).

Footnote 8: Plaintiffs rely on the law of the case doctrine in arguing that the negligent misrepresentation, fraud in the inducement, aiding and abetting a breach of fiduciary duty and aiding and abetting fraud claims accrued on July 31, 2009. We disagree. Our prior decision, however, concerned the claims for negligence and false advertising under General Business Law § 350 (161 AD3d at 1266-1267), and the timeliness of those specific claims are not at issue in this appeal.

Footnote 9: The two-year discovery rule is inapplicable given that the six-year limitations period is greater.