Nationstar Mtge., LLC v Ocwen Loan Servicing, LLC (2021 NY Slip Op 02994)





Nationstar Mtge., LLC v Ocwen Loan Servicing, LLC


2021 NY Slip Op 02994


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 651366/19 Appeal No. 13548 Case No. 2020-00853 

[*1]Nationstar Mortgage, LLC, Plaintiff-Appellant,
v
Ocwen Loan Servicing, LLC, Defendant-Respondent.


McKool Smith, P.C., New York (David I. Schiefelbein of counsel), for appellant.
Orrick Herrington & Sutcliffe LLP, New York (Thomas N. Kidera of counsel), for respondent.



Appeal from order, of the Supreme Court, New York County (O. Peter Sherwood, J.), entered December 16, 2019, insofar as it dismissed, pursuant to CPLR 3013, the causes of action in the complaint for indemnification and breach of contract with leave to replead, dismissed, as moot; appeal from that portion of said order, which dismissed pursuant to CPLR 3211(a)(7) the third cause of action for declaratory judgment as duplicative of the causes of action for indemnification and breach of contract, unanimously affirmed, with costs.
On March 7, 2015 the parties entered into a Bulk Servicing Rights Purchase and Sale Agreement (purchase agreement), through which Ocwen "sold, transferred and assigned" to Nationstar "all rights, title and interest" to certain residential mortgage loans. Ocwen made representations and warranties to Nationstar regarding its prior servicing of the relevant mortgage loans, among them it represented that the loans had been properly serviced, and that Nationstar's claims for reimbursement on the loans would not be denied by Freddie Mac. Article VI of the purchase agreement, more specifically Sections 6.01, 6.02, 6.04 and 6.06, set forth the parties' indemnification obligations for breaches of any representations and warranties.
Sections 6.01 and 6.02 of the purchase agreement unambiguously state that the parties will indemnify each other for "all Losses, whether or not arising out of claims by or on behalf of a third party . . . to the extent that any such Loss results from [] a breach of [the other party's] covenants, representations, warranties and/or agreements" contained in the purchase agreement. The purchase agreement defines "Losses" as "actual out-of-pocket losses, damages, deficiencies, claims costs or expenses."
Section 6.04 allows claims for indemnification by either party only if "a loss for which indemnification is claimed exceeds one thousand dollars." It further provides that contractual indemnity would be the parties' sole and exclusive remedy against each other for breach of the purchase agreement.
Section 6.06 requires both parties to provide written notice of claims for indemnity within 36 months of the purchase agreement's sale date of March 31, 2015.
On March 19, 2018 and March 26, 2018, a few days before the end of the 36 month claim period, Nationstar sent Ocwen a $15 million general demand for indemnification, with an attachment of over 500 pages of spreadsheets purporting to list all losses suffered by Nationstar under the purchase agreement. This demand did not state which contractual provisions had been breached, when the breaches had occurred relative to the sale date, and aggregated claims to satisfy the agreement's $1,000 dollar claim threshold. On May 2, 2018 Ocwen rejected the indemnification demand on the grounds that it failed to provide the required notice under the purchase agreement.
On March 6, 2019 Nationstar commenced this action by filing a summons with notice[*2]. On May 28, 2019 Nationstar filed a complaint- with an attachment of the over 500 pages of spreadsheets as an exhibit- asserting causes of action for indemnification, breach of contract and a declaratory judgment. On July 2, 2019 Ocwen filed a motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a)(7) and for failure to give adequate notice pursuant to CPLR 3013.
On December 16, 2019 Supreme Court dismissed Nationstar's causes of action for indemnification and breach of contract with leave to replead, pursuant to CPLR 3013, for failure to provide Ocwen with adequate notice of the claims consistent with the parties' agreement. Nationstar was given 90 days to replead the dismissed causes of action. The third cause of action for declaratory judgment seeking future losses under the contract was dismissed pursuant to CPLR 3211(a)(7) as duplicative of the first and second causes of action, as can be gleaned from a reading of the oral argument transcript, because Nationstar is not entitled to future losses.
On January 21, 2020 Nationstar filed a notice of appeal. On June 18, 2020, while this appeal was pending, Nationstar filed an amended complaint in Supreme Court re-pleading the causes of action for indemnification and breach of contract. On August 24, 2020 Ocwen filed a motion to dismiss the amended complaint which is currently pending decision in Supreme Court.
We take judicial notice of the amended complaint and find that it renders this appeal from Supreme Court's order dismissing the causes of action for indemnification and breach of contract in the initial complaint moot, and academic (100 Hudson Tenants Corp. v Laber, 98 AD2d 692 [1st Dept 1983][ an amended pleading when served takes the place of the original pleading]; Benzies v Take-Two Interactive Software, Inc., 150 AD3d 600 [1st Dept 2017]). To the extent the parties charted their own course by proceeding as if the appeal is not rendered moot (Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. L.L.C., 160 AD3d 596, 596 [1st Dept 2018]), this Court will address their arguments on Supreme Court's dismissal of those causes of action, and of the dismissal, pursuant to CPLR 3211(a)(7), of the third cause of action for a declaratory judgment which was granted without leave to replead.
On the merits Supreme Court's decision should be affirmed. Pursuant to CPLR 3013, a complaint must allege facts that are sufficiently particular to give the court and the defendants proper notice of the "transactions occurrences, or series of transactions [and] occurrences" intended to be proved (Herrmann v CohnReznick LLP, 155 AD3d 419, 419-420 [1st Dept 2017]). Plaintiff's complaint provided bare and conclusory allegations and relied on over 500 pages of spreadsheets attached to it that did not identify the time period, amount or source of the alleged losses. The complaint did not allege facts giving adequate notice of the nature of the claims or when they [*3]occurred. Therefore, Supreme Court properly dismissed the causes of action for indemnification and breach of contract for lack of adequate notice, with leave to replead.
Additionally, Section 6.06 of the purchase agreement provides that the parties' indemnification obligations would "[s]urvive the Sale date, and continue in full force and effect for a period of thirty-six (36) months thereafter." The second sentence states, "The foregoing limitations shall not apply with respect to those specific pending claims for indemnification or other amounts for which the requisite written notice was given. . . prior to the end of the applicable survival period" (emphasis added). Read together with the rest of Section 6.06, which contains the three-year limitation provision, the purchase agreement is clear that indemnification for timely-noticed claims were permitted only to the extent that those "losses" were actually suffered within three years of the sale.
Supreme Court properly concluded that individual losses of less than $1,000 were not indemnifiable under the purchase agreement. Section 6.04 of the purchase agreement plainly limited the parties' respective indemnification obligations, providing that indemnification would only be available if a "Loss" exceeded $1,000. As Supreme Court noted, the purchase agreement's reference to a "Loss" was to a "single loss" as opposed to an aggregate of losses. To allow Nationstar to aggregate the losses to meet the $1,000 claim threshold is a deviation from the parties' intent, and not in accord with the plain language of the purchase agreement (Travelers Cas. & Sur. Co. v Certain Underwriters at Lloyd's of London, 96 NY2d 583, 592-593, 595 [2001]). Further, while Section 6.01 obligated the defendant to indemnify plaintiff for "all Losses . . . incurred," this provision was subject to Section 6.04, which contains the clear and unambiguous threshold limitation on each individual "Loss."
The causes of action for indemnification and breach of contract were properly dismissed with leave to replead to take into consideration the plain language of the parties' purchase agreement that precluded claims outside of the three-year limitation period and that did not meet the $1,000 claim threshold (IDT Corp. v Tyco Group, S.A.R.L., 13 NY3d 209, 214 [2009]).
Supreme Court also properly concluded that pursuant to CPLR 3211(a)(7) the declaratory judgment cause of action should be dismissed. The lack of a valid future damages claim renders the declaratory judgment claim dismissible as duplicative since it is "unnecessary and inappropriate when [Nationstar] has an adequate, alternative remedy in another form of action" (Apple Records, Inc. v Capitol Records, Inc., 137 AD2d 50, 54 [1st Dept 1988], NMC Residual Ownership L.L.C. v U.S. Bank N.A., 153 AD3d 284, 291 [1st Dept 2017]).
Plaintiff relies on Remet Corp. v Estate of Pyne (26 NY3d 58 [2015]), as a basis to obtain future damages and maintain the declaratory judgment [*4]cause of action, but that case is distinguishable because the contract defined "losses" to include "liabilities" and "damages." In this case the purchase agreement's definition of "Losses" did not provide for "liabilities", it provided for "actual out-of-pocket losses, damages, deficiencies, claims, costs or expenses." Similarly, this Court's recent decision in Nationstar Mtge., LLC v Generation Mtge. Co. (191 AD3d 535 [1st Dept 2021]), is distinguishable because that case dealt with reverse mortgages which by their nature often prevent the servicer from realizing there is a loss until the loan is terminated, and the contractual limitations period has expired.
In this case the residential mortgages allow the servicer to see the loss prior to termination of the contractual limitation period. It is clear that in including the second sentence in the contractual limitations provision, the parties' intent was to ensure that a timely-noticed claim for an actual or specific loss suffered would not disappear if it remained pending and unpaid at the time the three-year time period ran out, not to cover unknown losses in the future.
We have considered Nationstar's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021