Tahari v Narkis (2023 NY Slip Op 02772)

Tahari v Narkis

2023 NY Slip Op 02772

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 650671/21 Appeal No. 301 Case No. 2022-00805 

[*1]Elie Tahari et al., Plaintiffs-Respondents,
v
Shlomo Narkis, Also Known as Shelly Narkis, Defendant-Appellant, Haim Narkis et al., Defendants.

Cohen Tauber Spievack & Wagner P.C., New York (Stephen Wagner of counsel), for appellant.
Chiesa Shahinian & Giantomasi P.C., New York (Marie L. Mathews of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about January 13, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Shlomo Narkis's motion to dismiss the complaint as against him, unanimously modified, on the law, to grant so much of the motion as sought dismissal of the cause of action for a declaratory judgment, and otherwise affirmed, without costs.
According to the allegations of the complaint, in April 2005, defendant, while incarcerated in Israel, telephoned plaintiff Tahari several times, asking for a $9 million loan to help him satisfy a potential plea deal with Israeli tax authorities and thus avoid a lengthy prison term. Defendant's son Haim also called Tahari relaying the same request. Tahari ultimately agreed to send the money, and defendant agreed to "sign a loan agreement memorializing the terms and conditions" and his obligation to repay the debt. Tahari directed plaintiff Elie Tahari Limited's financial manager to "arrange for the provision of the loan and the details of the loan agreement."
On April 14, 2005, Haim provided the information for the funds transfer into defendant's former wife's bank account, and the financial advisor explained that the funds would be sent the following Monday, April 18, 2005. Haim stated by email that $3-4 million would be repaid within three to four months, and the rest would be repaid "within the year," but he also advised that defendant would not be able to sign the note until he was released from prison. The money was transferred as promised, and defendant struck a plea bargain in Israel the same day, April 18, 2005, satisfying charges of tax fraud and money laundering. Defendant was at liberty between April 18 and May 5, 2005, but did not sign the agreement that plaintiffs sent.
On March 14, 2007, Tahari and defendant executed a written loan agreement in which defendant acknowledged the debt, and the parties agreed that "[the] document will be in force after 10 years." Defendant later swore before an Israeli court in July 2019 that he had not, in fact, needed plaintiffs' $9 million to cover his obligations under the 2005 plea bargain.
Supreme Court properly denied the motion to dismiss on statute of limitations grounds, as the record does not conclusively demonstrate that the defense applies (see Matter of Behr, 191 AD2d 431, 431 [2d Dept 1993]). The March 14, 2007 loan agreement does not expressly constitute a promise by defendant to "waive, to extend, or not to plead the statute of limitation" (General Obligations Law § 17-103[1]). Instead, despite the inartful phrasing of the agreement that it "[would] be in force after 10 years," the effect of the March 2007 agreement may be interpreted to extend the term of the original agreement for 10 years from April 18, 2005, the date that the funds were transferred. Under this interpretation, because the debt was owed in full as of April 18, 2015, this action would be timely, as it was [*2]commenced on January 29, 2021, before the six-year limitations period expired (CPLR 213[2]). For the same reason, the causes of action for promissory estoppel, unjust enrichment, and a declaratory judgment would be timely commenced (see Solnick v Whalen, 49 NY2d 224, 229-230 [1980]; Maya NY, LLC v Hagler, 106 AD3d 583, 585 [1st Dept 2013]).
Moreover, even assuming, as defendant asserts, that the March 2007 agreement was meant only as a promise to toll the limitations period for 10 years rather than to extend the term of the loan, a factfinder may find that equitable estoppel prevents defendant from interposing a statute of limitations defense under the circumstances presented here. According to the allegations in the complaint, defendant arrived at Tahari Ltd.'s corporate office unannounced, insisted that Tahari agree to his terms, and falsely stated that he could be sent to prison if plaintiffs made good on their threats to sue him, thus inducing Tahari by deception to sign the agreement so that defendant, who was his cousin, could purportedly avoid prison (see General Obligations Law § 17-103[4][b]; Zumpano v Quinn, 6 NY3d 666, 674 [2006]; Rodriguez v Morales, 200 AD2d 406, 407 [1st Dept 1994]).
The cause of action for fraud, as well as the alternative claims of conspiracy to commit fraud and aiding and abetting fraud, was also timely commenced within two years of the time plaintiffs discovered the fraud (CPLR 213[8]). It was not until July 2019 when defendant averred in an affidavit that he did not actually need or use the $9 million to satisfy the financial obligation in connection with the plea agreement, that plaintiffs first learned of the alleged fraud.Defendant further averred that the monies had remained in his former wife's account long after the transfer. Prior to defendant's affidavit, plaintiffs did not have information to show that defendant misrepresented the reason for the loan and the location of the monies (Non-Linear Trading Co., Inc. v Braddis Assoc., 243 AD2d 107, 118 [1st Dept 1998]). As such,plaintiffs' duty of inquiry was not triggered until 2019 (see MBI Intl. Holdings Inc. v Barclays Bank PLC, 151 AD3d 108, 115 [1st Dept 2017], lv denied 29 NY3d 919 [2017]).
We reject defendant's argument that Tahari does not have standing. The allegations in the complaint regarding defendant's and his son's direct negotiations with Tahari demonstrate that Tahari was the real party in interest regarding the loan as it was initially provided. Furthermore, defendant and Tahari are the parties named in the 2007 loan agreement, which defendant drafted (see e.g. Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1007 [2d Dept 2017]).
As to the causes of action for promissory estoppel and unjust enrichment, both of these claims were properly pleaded in the alternative to the breach of contract cause of action, as the matter presents a bona fide dispute as to the existence of a valid contract (see Kramer v Greene, 142 [*3]AD3d 438, 441-442 [1st Dept 2016]). Plaintiffs also stated a cause of action for promissory estoppel by pleading that defendant had made a "sufficiently clear and unambiguous promise" in both 2005 and 2007 to repay the debt; that plaintiffs had reasonably relied on the promise in giving the money to defendant and agreeing to the written agreement in 2007; and that plaintiffs were injured by the reliance, as defendant refused to repay the money (see Castellotti v Free, 138 AD3d 198, 204 [1st Dept 2016]). Similarly, plaintiffs stated a cause of action for unjust enrichment by pleading that defendant was enriched at plaintiff's expense by the transfer of $9 million and a more lenient jail term, as well as plaintiff's later acquiescence to defendant's demand not to bring legal action for several years (see Kramer, 142 AD3d at 442; Mandarin Trading, Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
Supreme Court also correctly denied the motion to dismiss the cause of action for fraud for failure to state a cause of action (CPLR 3016[b]; see Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449 [1st Dept 2017]). The facts alleged support a conclusion that there was an agreement between defendant and his son to commit fraud, because they worked together to convince Tahari that defendant needed the money even though he did not. Further, defendant's son provided the account number for the transfer of funds into his ex-wife's account (see Gregor v Rossi, 120 AD3d 447, 449 [1st Dept 2014]). The complaint also sufficiently alleges aiding and abetting fraud, asserted against defendant in the alternative, as it alleges that defendant made false representations to Tahari, thus assisting the fraud and proximately causing the harm on which the primary liability is predicated (see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]).
However, the cause of action seeking a declaratory judgment should have been dismissed as duplicative (see Nationstar Mtge., LLC v Ocwen Loan Servicing, LLC, 194 AD3d 490, 493 [1st Dept 2021]). The claim is substantially similar to the one for breach of contract, as it seeks a declaration of the same rights and obligations as those arising from the 2005 loan and the 2007 written loan agreement (see Colfin SNP-1 Funding, LLC v Security Natl. Props. Servicing Co., LLC, 199 AD3d 406, 407 [1st Dept 2021]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023