**Arel Funding I LP v Feldman**

2024 NY Slip Op 34270(U)

November 29, 2024

Supreme Court, New York County

Docket Number: Index No. 652731/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

AREL FUNDING I LP, INTERNATIONAL FUNDING NEW YORK LLC,

|  |  |  |
|---|---|---|
| **INDEX NO.** | | 652731/2024 |
| **MOTION DATE** | | 08/14/2024, 08/14/2024 |
| **MOTION SEQ. NO.** | | 001 002 |

Plaintiffs,

- v -

ZIEL FELDMAN, HELENE FELDMAN, HELENE FELDMAN, AS TRUSTEE OF THE FELDMAN FAMILY 2007 TRUST, JOHN DOE, AS TRUSTEE OF THE FELDMAN FAMILY 2007 TRUST, 187 DUNE ROAD LLC,WAM 76 11TH HOLDINGS LLC,WM 11AVE INVESTOR LLC,H F Z CAPITAL GROUP LLC,76 ELEVENTH AVENUE PROPERTY OWNER LLC,HFZ 76 ELEVENTH AVENUE PARTNERS LLC,HFZ 76 11TH AVENUE JUNIOR MEZZANINE BORROWER LLC,HFZ 76 11 PARTNERS A LLC,HFZ 76 11 MEMBER A LLC,HFZ 76 11 MANAGER LLC,HFZ 76 ELEVENTH HOLDCO LLC,HFZ 76 11TH AVENUE JV LLC,HFZ 76 11TH AVENUE HOLDINGS LLC,HFZ 76 11TH AVENUE LLC,H F Z REAL ESTATE DEVELOPMENT ASSOCIATES LLC,76 ELEVENTH AVENUE MEZZANINE LLC,11TH AVENUE LENDER LLP, XI SPECIAL PROJECT MANAGEMENT LLC,HFZ SHORE CLUB LLC,HFZ SHORE MANAGER LLC,SC EQUITY HOLDER LLC,SC MEZZ HOLDER INVESTOR LLC,EDWARD T GAVIN, GAVIN/SOLMONESE LLC TRUSTEE OF THE HFZ CLAIMANT TRUST AND RESTRUCTURING SUPPORT AGREEMENT, THE WITKOFF GROUP LLC,ACCESS INDUSTRIES LLC,MC ASSET MANAGEMENT (CORPORATE) LLC,ZF SUNRISE ONE LLC,NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

**DECISION + ORDER ON MOTION**

Defendants.

--------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 30, 31, 32, 33, 38, 40, 56, 57, 62

were read on this motion to             DISMISS                     .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 39, 41, 58, 59, 63

652731/2024   AREL FUNDING I LP ET AL vs. FELDMAN, ZIEL ET AL
Motion No.  001 002

Page 1 of 4

were read on this motion to          DISMISS        .

Defendant 11th Avenue Lender LLP ("11th Avenue Lender") and Defendants 76 Eleventh Avenue Property Owner LLC, WAM 76 11th Holdings LLC, WM 11Ave Investor LLC, The Witkoff Group LLC, Access Industries LLC, MC Asset Management (Corporate) LLC, SC Equity Holder LLC, SC Mezz Holder Investor LLC, and HFZ Shore Club LLC (collectively, "Lender Defendants") move for an order dismissing all claims asserted against them pursuant to CPLR 3013, 3014, 3016(b) and 3024. For the following reasons, the motions are granted.

Pursuant to CPLR 3013, "'a complaint must allege facts that are sufficiently particular to give the court and the defendants proper notice of the "transactions, occurrences, or series of transactions [and] occurrences' intended to be proved" (*Nationstar Mtge., LLC v Ocwen Loan Servicing, LLC*, 194 AD3d 490, 492 [1st Dept 2021] [citation omitted]; CPLR 3013). Under CPLR 3014, a "pleading shall consist of plain and concise statements in consecutively numbered paragraphs ... separately stated and numbered" (*Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.*, 84 AD2d 736, 736 [1st Dept 1981]). Furthermore, "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]).

Here, Plaintiffs have filed a 200-page complaint, spanning 670 paragraphs, and directed at 34 defendants (NYSCEF 1 ["Compl."]). Plaintiffs' Complaint appears to allege that HFZ and its principals facilitated a fraudulent transfer as part of an overarching scheme to deprive HFZ's creditors of payment on their respective investments in One High Line. However, the majority of the Complaint's factual allegations are made "upon information and belief" and employ group pleading, by virtue of which no concrete factual averments are made concerning the alleged

**652731/2024  AREL FUNDING I LP ET AL vs. FELDMAN, ZIEL ET AL**
**Motion No.  001 002**

**Page 2 of 4**

[* 2]

wrongful conduct of any particular defendant. Furthermore, 13 causes of action are all predicated on 500-plus allegations without actually explaining how the diverse allegations relate to the specific claims. It is insufficient that Plaintiffs believe that the "Moving Defendants know exactly what the core and factual bases are concerning the Complaint, based on their prior lawsuits in which a number of the Moving Defendants have been named as Defendants" (NYSCEF 58 at 6). Plaintiffs must actually plead allegations sufficient to place Defendants, as well as the Court, on notice of all the claims and underlying transactions within the four corners of the pleading (*Foley v D'Agostino*, 21 AD2d 60, 65 [1st Dept 1964]; *Barsella v City of New York*, 82 AD2d 747, 748 [1st Dept 1981] ["The court should not be compelled to wade through a mass of verbiage and superfluous matter in order to pick out an allegation here and there, which, pieced together with other statements taken from another part of the complaint, will state a cause of action"]).

Moreover, Plaintiffs Arel and International Funding, who appear to be investors in the One High Line Project, purport to bring suit on behalf of "similarly situated" investors and lenders who allegedly invested in and/or provided loans to HFZ-related entities (Compl. ¶ 3). While Plaintiffs argue that they have until 60 days after the Defendants' time to answer has expired to move to certify the class (CPLR 902), Plaintiffs have not styled the Complaint as a class action, nor alleged that they have standing to bring claims on behalf of absent parties, or who the proposed class would include.

Therefore, the motions are granted and the complaint is dismissed without prejudice. Plaintiffs may, within 45 days, seek leave to file an amended pleading that complies with CPLR 3013, 3014, and 3024, and, if Plaintiffs intend to maintain a class action, pleads the basic requirements of a class action under CPLR 901(a).

**652731/2024   AREL FUNDING I LP ET AL vs. FELDMAN, ZIEL ET AL**
**Motion No.  001 002**

**Page 3 of 4**

3 of 4

Accordingly, it is

**ORDERED** that the motions are **GRANTED**, and the Complaint is dismissed without prejudice; it is further

**ORDERED** that Plaintiffs are granted 45 days from the date of this order to seek leave to file an amended pleading that complies with CPLR 3013, 3014, and 3024, and, if Plaintiffs intend to maintain a class action, pleads the basic requirements of a class action under CPLR 901(a). If no motion for leave to file an amended pleading is filed within 45 days, the foregoing dismissal of the complaint shall be *with* prejudice.

This constitutes the Decision and Order of the Court.

20241129133020JMCOHEN7908A0B25430D4BFC8B829845A1DE6EA8

_____
**11/29/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

652731/2024   AREL FUNDING I LP ET AL vs. FELDMAN, ZIEL ET AL
Motion No.  001 002

Page 4 of 4

4 of 4