Rabizadeh v 165 E 66, LLC (2025 NY Slip Op 03027)

Rabizadeh v 165 E 66, LLC

2025 NY Slip Op 03027

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 654941/23|Appeal No. 4393|Case No. 2024-02670|

[*1]Albert Rabizadeh, Plaintiff-Appellant,
v
165 E 66, LLC, Defendant-Respondent.

Cox Padmore Skolnik & Shakarchy LLP, New York (Stefan B. Kalina of counsel), for appellant.
Herrick, Feinstein LLP, New York (Scott E. Mollen of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Jennifer G. Schecter, J.), entered April 10, 2024, which granted the motion of defendant 165 E 66, LLC to dismiss the amended complaint and to cancel the notice of pendency, unanimously affirmed, with costs.
Supreme Court correctly dismissed plaintiff's breach of contract cause of action against defendant because the parties' purchase and sale agreement does not support any of plaintiff's claims (see e.g. Gordon v Curtis, 68 AD3d 549 [1st Dept 2009], lv denied 14 NY3d 713 [2010]). The agreement placed no obligation on defendant to provide plaintiff with additional documents and information to ascertain alleged discrepancies in defendant's representations. Rather, plaintiff's sole remedy for discovering any misrepresentations prior to closing was to terminate the agreement and receive a refund of his Initial Deposit. Moreover, by executing the agreement, plaintiff acknowledged that he examined and inspected the tenants' lease files and other requested documents and had an opportunity to inspect and investigate the "records applicable to the Premises . . . ." Nor does Section 9.2.2 of the agreement counsel a different result. That section merely allowed plaintiff, at the closing, to seek damages related to alleged misrepresentations if they had a "material adverse effect" on the value of the property. Notably, it remained within defendant's sole discretion whether to pay the damages sought and, under any outcome, plaintiff was still required to close and pay the purchase price.
Plaintiff's claim for an executed memorandum of agreement was properly dismissed, as the agreement placed no obligation on defendant to execute it by a certain date. And, in any event, plaintiff was already in breach of the agreement at that time because he had failed to pay the Additional Deposit by the date listed in the agreement (see e.g. Stracham v Bresnick, 76 AD3d 1009, 1010-1011 [2d Dept 2010]). Finally, the agreement stated that the Initial Deposit, unlike the Additional Deposit, must be wired "directly to Seller [defendant]" rather than to an escrow agent. Plaintiff's allegation of scrivener's error failed to overcome the "heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties" (Stonebridge Capital, LLC v Nomura Intl. PLC, 68 AD3d 546, 548 [1st Dept 2009], lv dismissed 15 NY3d 735 [2010] [internal quotation marks omitted]).
Plaintiff's claim for breach of the implied covenant of good faith and fair dealing was properly dismissed, as it improperly seeks to create rights that are not provided by the agreement (see Peter R. Friedman, Ltd. v Tishman Speyer Hudson L.P., 107 AD3d 569, 570 [1st Dept 2013]). His claim for a declaratory judgment was properly dismissed as duplicative of the breach of contract claim as it is based on the same allegations underpinning his contractual claims and seeks a declaration of the same rights and obligations [*2]arising under the agreement (see Tahari v Narkis, 216 AD3d 557, 560 [1st Dept 2023]). Thus, there is no need for a declaration in defendant's favor (see id.; see also KNIC LLC v New York City Econ. Dev. Corp., 198 AD3d 481, 482 [1st Dept 2021]). Finally, the notice of pendency was correctly cancelled, as plaintiff does not have a valid claim (see Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465, 465-466 [1st Dept 2010]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025