Tahari v Narkis (2025 NY Slip Op 03395)

Tahari v Narkis

2025 NY Slip Op 03395

Decided on June 05, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025

Before: Renwick, P.J., Kapnick, Mendez, Pitt-Burke, Michael, JJ. 

Index No. 650671/21|Appeal No. 4534-4535|Case No. 2024-06199 2025-01361|

[*1]Elie Tahari et al., Plaintiffs-Respondents,
v
Shlomo Narkis Also Known as Shelly Narkis, Defendant-Appellant, Haim Narkis Also Known as Mark Narkis et al., Defendants. 

Feuerstein Kulick LLP, New York (David Feuerstein of counsel), and Cohen
Tauber Spievack & Wagner, P.C., New York (Stephen Wagner of counsel), for appellant.
Chiesa Shahinian & Giantomasi PC, New York (Marie L. Mathews of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered August 27, 2024, which, to the extent appealed from, denied in part the motion of defendant Shlomo Narkis for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs. Appeal from an order, same court and Justice, entered January 14, 2025, which, to the extent appealed from, denied defendant Narkis's motion for a stay of the litigation pending appeal, unanimously dismissed, without costs, as moot.
Supreme Court properly denied Narkis's motion for summary dismissal of the fraud cause of action. As previously found by this Court, plaintiff's fraud claim is not barred by the statute of limitations (see Tahari v Narkis, 216 AD3d 557, 559 [1st Dept 2023]). Plaintiff Elie Tahari was not on inquiry notice of the alleged fraud prior to 2019, and on this appeal Narkis offers no new evidence that is contrary to our prior conclusion (see id.).
The court also properly rejected Narkis's argument that the fraud claim was duplicative of the breach of contract claim. Where a plaintiff "alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, the plaintiff has stated a claim for fraud even though the same circumstances also give rise to plaintiff's breach of contract claim" (First Bank of Ams. v Motor Car Funding, Inc., 257 AD2d 287, 291-292 [1st Dept 1999]). Here, the nature of the fraud claim is not based on plaintiff's contention that to induce Tahari to make the loan Narkis falsely stated that he would repay the $9 million. Instead, the claim is based on Narkis's purported misrepresentation in 2005 that he urgently needed the $9 million to get out of jail and to satisfy his plea agreement; a statement that he did not learn until 2019 was knowingly false.
The court's comment, in dicta, that "[t]he record firmly establishes that all elements of fraud in this case are satisfied except potentially injury" does not amount to a determination that plaintiff failed to establish all the required elements of fraud, thus compelling this Court to grant summary judgment to Narkis dismissing the fraud claim. Beyond the question of potential injury, there remain issues of fact as to Tahari's reasonable reliance. The issue of what constitutes reasonable reliance is "always nettlesome because it is so-fact intensive" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155 [2010]) and is ordinarily a jury question (Brunetti v Musallam, 11 AD3d 280, 281 [1st Dept 2004]). Here, factual issues remain surrounding whether Narkis made a material misstatement in the first place, as Tahari and Narkis have sharply contrasting versions of the events and conversations concerning the $9 million transaction. Thus, there remain factual issues surrounding whether each of the elements of plaintiff's fraud claim have been established, and the court's statements made in dicta do not compel a contrary result.
The court also properly denied [*2]Narkis's summary judgment motion seeking dismissal of the breach of contract claim. This Court previously found that plaintiff Tahari was the "real party in interest regarding the loan" and that he had signed the 2007 agreement in his individual capacity (Tahari, 216 AD3d at 558). Narkis does not offer new evidence in support of his argument that Tahari did not suffer a direct injury because the $9 million was paid by Tahari's fashion design company, Elie Tahari Ltd. (ETL). Further, Narkis does not deny signing the 2007 agreement, in which he explicitly declared that he owed Tahari, individually, $9 million (plus interest) going back to 2005, when the funds were transferred. Narkis thus evidenced his own understanding that he owed the $9 million to Tahari, even though the funds had been transferred from an ETL bank account.
Narkis does not contest that Tahari agreed to transfer $9 million, and that Tahari fully performed on that promise when ETL transferred the $9 million, or that there had been a series of monetary transfers between the parties that were expected to be repaid. Thus, there remain questions of fact as to whether the 2007 agreement reflected a new loan to Narkis or the repayment of an old debt by Tahari. The court's statement that Narkis had admitted to all relevant facts establishing the breach of contract claim other than the actual breach does not prohibit Narkis from presenting the evidence he believes establishes that the 2007 agreement was a sham agreement intended to cover-up an illegal scheme. Such evidence would go to the issue of whether Narkis breached the 2007 agreement by failing to repay Tahari $9 million. As the court found, the 2007 agreement existed, and the true nature of that agreement is an issue that will be fully vetted at trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 5, 2025